(No. 47505.-

VIRGLE H. HARTGRAVES, Appellant, v. DON CART-
AGE COMPANY, Appellee.

*Opinion filed March 29, 1976.—Modified opinion filed June 24, 1976.*

John G. Phillips, Ltd., and Joseph M. Fasano, Ltd., both of Chicago (Sidney Z. Karasik, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Virgle H. Hartgraves, sued in the circuit court of Cook County for damages resulting from the negligence of defendant, Don Cartage Company. The jury

rendered a verdict for plaintiff and awarded $60,000 in damages. Defendant appealed and the appellate court reversed and remanded (27 Ill. App. 3d 298). We granted plaintiff's petition for leave to appeal under Rule 315 (58 Ill.2d R. 315). We affirm the appellate court.

During the course of the trial, one of the 12 jurors was injured and was unable to continue to serve on the jury. There had been no pretrial stipulation to proceed with less than 12 jurors if necessary. An in-chambers, off-the-record discussion was held, after which in open court defendant's counsel moved for a mistrial. The motion was denied. Defendant's counsel raised the denial of his motion for a mistrial in his post-trial motion, which the court, following a hearing, denied.

Prior to the hearing on the post-trial motion, plaintiff's counsel submitted an affidavit in opposition to defendant's motion. The affidavit stated that during the in-chambers discussion, defense counsel had stated that for the record he would formally object to proceeding with less than 12 jurors but requested that the judge overrule his objection, and indicated that he was willing to proceed with 11 jurors. Defendant's counsel submitted an affidavit denying that he had consented to proceeding with less than 12 jurors. At the hearing on the post-trial motion, some six months after the trial, the judge stated that he had a clear recollection of the in-chambers discussion. He stated that defendant's counsel had suggested that he overrule the motion for mistrial and agreed that the trial could proceed. The defendant's post-trial motion was denied.

The right to trial by jury is guaranteed by the 1970 Illinois Constitution (Ill. Const., art. I, sec. 13), and this court has long determined that a jury is comprised of 12 members. (*People ex rel. Denny v. Traeger* (1939), 372 Ill. 11, 14; *People v. Kelly* (1931), 347 Ill. 221, 232; *Liska v. Chicago Railways Co.* (1925), 318 Ill. 570, 583; *Sinopoli v. Chicago Railways Co.* (1925), 316 Ill. 609, 619.) The

parties can, however, consent in open court to a unanimous verdict of a jury of less than 12. *Povlich v. Glodich* (1924), 311 Ill. 149, 152; *Rehm v. Halverson* (1902), 197 Ill. 378, 388; *People v. Chandler* (1972), 7 Ill. App. 3d 949, 954.

At the time judgment was entered, the record was clear that defendant had not waived his right to a jury of 12. Plaintiff contends, however, that the trial judge's recollections became part of the record and that the record thus showed defendant had waived its right to a jury of 12. We disagree.

Generally, "an amendment of the record cannot be made by oral testimony, or from the recollection of the trial judge himself, but must be proved by the production of some note or memorandum from the record or *quasi* records of the court, or by the judge's minutes, or by the papers on file in the cause." (*Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill.2d 193, 202, citing *People v. Miller* (1936), 365 Ill. 56, 58.) "[A]n amendment of a record cannot be made either from the memory of a witness, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made." *People v. Townsend* (1972), 5 Ill. App. 3d 924, 926, citing *People v. Okulczyk* (1951), 410 Ill. 115, and *People v. Miller* (1936), 365 Ill. 56. See *In re Application of County Collector* (1974), 18 Ill. App. 3d 272.

Here it is uncontroverted that no documents, minutes, records, or quasi- records existed, and that the judge relied solely on his "clear memory" in making the "correction" of the record.

Appellant argues that Supreme Court Rule 323(c) (58 Ill.2d R. 323(c)) supports his contention that the trial court's action was permissible. That rule provides:

"If no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed

report of proceedings from the best available sources, including recollection. *** The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings."

In the case at bar, however, there is in fact a "verbatim transcript of the *** proceedings." Consequently, Rule 323(c) is not directly applicable.

Appellant also argues that Supreme Court Rule 329 (58 Ill.2d R. 329) supports his position. That rule states:

"The record on appeal shall be taken as true and correct unless shown to be otherwise ***. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court ***. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth."

Here there is no disagreement on whether the record accurately discloses what occurred in court. Nothing that was stated at trial has been omitted or improperly transcribed. Appellant does not argue that the written record is incorrect, but rather that it is somehow incomplete.

The "material omission"—the supposed discussion between the parties and the trial judge—was never recited in open court and is no more than an off-the-record discussion. This discussion, whatever its contents, was never intended to be a part of the record of this case. Almost immediately following the in-chambers discussion the judge and attorneys entered the courtroom and defendant's counsel moved, on the record, for a mistrial. The motion was argued at length. No reference was made to the alleged in-chambers agreement which would have rendered the proceedings that followed in court a meaningless charade. If it were to be considered part of the record it was incumbent upon the judge or plaintiff's counsel to incorporate its contents or some reference to it in the record.

We find it helpful to quote at length from the proceedings. The transcript for October 16, 1972, shows that court convened at 10 a.m. and states:

"(Whereupon the following discussion was had outside the hearing and presence of the jury:)

MR. PERRIN [Defendant's counsel]: I have been advised by the bailiff that juror Mary Kronan over the weekend was involved in an accident at a shopping center involving a runaway grocery cart in which she according to the bailiff crushed her knee. She is presently in the hospital, and I wasn't advised which hospital this was. And that she has been examined by an orthopedic surgeon, I understand, and there is a possibility that the knee will require an operation in order to put it back into its original condition. And, accordingly, I understand she is unavailable.

Now there was in this case no stipulation with a jury of less than twelve members. We, on behalf of Don Cartage Company, demanded a jury of twelve members, and I would object to proceeding without twelve jurors that we picked and chose in this case.

I would now move at this time for a mistrial in this cause on the ground that we now have eleven by process of Mrs. Kronan being in the hospital and being unable to sit throughout the remainder of this case. Accordingly I move for a mistrial and ask that we start over again.

MR. FASANO [Plaintiff's counsel]: Your Honor, we have tried this case for four days last week and this is the last and final day, and as I understand it, a few more witnesses the defendant is supposed to put on and then we are to go to the jury.

I think that there is nothing in the law that says that there has to be twelve jurors. I think that eleven jurors can do a job as well as twelve, and the decision still has to be unanimous as far as the jury is concerned. And I think that these are the things that do occur as far as jurors are concerned. You can't always predict these things, and I don't think we should. That wastes the time of all the witnesses, the lawyers and the courts, when a thing like this happens, where there is a technicality of twelve instead of eleven. I think we should proceed at this time to close this case.

THE COURT: Anything else, gentlemen?

MR. PERRIN [Defendant's counsel] : The only other thing that occurs to me somewhere—I am not prepared for this issue this morning. I haven't had an opportunity to bring forth any case in this point. I seem to recall somewhere in the case—there is a case to the effect you have an absolute right to proceed with a jury of twelve. If someone is unavailable to proceed that we could ask for a mistrial. I am unable to present a citation on this point.

THE COURT: Until this morning I was under the impression, which was perhaps a mistake, that there had been a stipulation to proceed with ten or more jurors. Mr. Perrin indicates that such a stipulation was not made, and I am not prepared to say it is incorrect. I have an impression that such agreement was made. I will defer to Mr. Perrin when he states that the record shows no such stipulation. You think the record doesn't show any stipulation?

MR. PERRIN: No, sir.

MR. FASANO: That is correct.

MR. PERRIN: That is correct, Mr. Fasano.

MR. FASANO: Yes.

THE COURT: The record does not show. I will say this, that if prior to the commencement of the trial it had been brought to my attention there was in fact no such stipulation, I would have required all of the—that the jurors be selected and we would have resolved the problem which faces us now. And considering that the trial has come to the very last day, it is anticipated that this case will be submitted to the jury this afternoon, I will deny the defendant's motion for a mistrial, and we will proceed with eleven jurors and the unanimous verdict of all eleven jurors will be recorded for any verdict which is rendered in this case."

The alleged agreement contradicted these arguments of counsel and statements by the court and rendered meaningless the proceedings on the motion for a mistrial. If there was such an off-the-record agreement, then plaintiff's counsel and the court were also parties to the subterfuge, a deception designed to deprive a party to the litigation of a trial by a constitutionally constituted jury. If some off-the-record discussion was behind these argu-

ments and the ruling of the court, contrary to what was set forth in the record, which dictated the decision of the court, then either plaintiff's counsel or the judge should have incorporated some reference to it in the record prior to ruling on the motion.

The lengthy discussion during the argument on the motion for mistrial shows that the plaintiff's objections to the motion and the court's reasons for denying it were based on reasons unrelated to the defendant's alleged agreement to proceed with less than 12 jurors. This was not a *pro forma* objection and disposition as plaintiff later contended in the argument on the post-trial motion. Merits of the motion for mistrial were argued and passed on by the trial court.

In summary, any corrections of or additions to the record which contradict the clear and unambiguous contents of the record must be supported by something other than the "clear memory" of the trial judge. Further, it is incumbent on the judge and opposing counsel to insure that the record reflects any off-the-record agreements by which counsel contradicts his on-the-record position. Since the record here clearly shows that defendant demanded a verdict by a jury of 12, we affirm the appellate court's determination that the judge's later amendment to the record was impermissible, and that the denial of the motion for mistrial was reversible error.

The plaintiff also contends that the appellate court was correct in determining that he had not been proved contributorily negligent as a matter of law. We agree. The question of contributory negligence is normally a question of fact for the jury. The evidence in this case is not such as to authorize removing this question from the jury.

For the reasons stated above, the judgment of the appellate court, reversing the judgment of the circuit court of Cook County and remanding the cause for a new trial, is affirmed.

*Judgment affirmed.*