THE CITY OF PEORIA, Plaintiff-Appellant, *v.* ROBERT E. LYNN *et al.*, Defendants-Appellees.

Third District   No. 75-467

Opinion filed December 29, 1976.

Brian Nemenoff, of Peoria, for appellant.

Jack Brunnenmeyer, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This case is companion to No. 75-451 filed this same date, *People v. Zimmerman* (3d Dist. 1976), 44 Ill. App. 3d 601, 358 N.E.2d 715. Here the City of Peoria appeals from the trial court's order granting defendants' motions to suppress evidence and to return the property which was seized.

During oral argument in this case, defendants moved to dismiss the appeal, contending that this court lacked jurisdiction due to the city's failure to file a notice of appeal. The record contains a document entitled "Notice of Appeal and Praecipe for Record and Proof of Service," which was timely filed and sent to defendants and their attorneys. This document is woefully inadequate as to form.

The only jurisdictional step in the perfection of an appeal is the filing of the notice of appeal. (Supreme Court Rule 301 (Ill. Rev. Stat. 1975, ch. 110A, par. 301).) Inasmuch as notice of appeal was filed, we do

not believe that we are without jurisdiction, and, as we can perceive no prejudice to defendants from the inadequacies of the form of the notice of appeal, we have determined to decide the cause on the merits. *City of Chicago v. Hutter* (1st Dist. 1973), 14 Ill. App. 3d 911, 303 N.E.2d 176, *cert. denied,* 419 U.S. 870, 42 L. Ed. 2d 109, 95 S. Ct. 130, *rehearing denied,* 420 U.S. 939, 43 L. Ed. 2d 418, 95 S. Ct. 1152; *Department of Transportation v. Galley* (5th Dist. 1973), 12 Ill. App. 3d 1072, 1074, 299 N.E.2d 810, 813.

Defendants were charged with a violation of the city's gambling ordinance. Motions to suppress evidence were filed, alleging that money was taken from each defendant in an unlawful search. At the suppression hearing, the evidence consisted of a stipulation that specific sums of money were taken from each defendant by a Peoria police officer, and that at the time of the taking, the money was in each defendant's pockets. The trial court ordered the evidence suppressed and the money returned to defendants, finding that there was a search without warrant or consent, and that the search was unlawful.

■■ At a hearing on a motion to suppress, the defendant has the burden of coming forward with evidence to prove the unlawfulness of a search and seizure. (See section 114—12(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—12(b)).) However, once the defendant establishes *prima facie* that the search was unlawful the burden then shifts to the prosecution to present evidence showing the legal justification for the search. *People v. Normant* (1st Dist. 1975), 25 Ill. App. 3d 536, 323 N.E.2d 553.

Here the stipulation shows that money was taken from defendants' pockets by a police officer. There is no evidence of unusual activity by defendants, nor was there evidence of an arrest which could justify the search as incident to the arrest. Accordingly, we believe that defendants met their burden of proof in establishing a *prima facie* unlawful search and seizure. (See, *e.g., People v. Cassell* (1st Dist. 1968), 101 Ill. App. 2d 279, 243 N.E.2d 363.) In the absence of evidence by the prosecution showing the justification for the search, the trial court acted properly in granting defendants' motion to suppress.

Accordingly, the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.