(No. 49042.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CARMON R. CHITWOOD, Appellee.

*Opinion filed September 20, 1977.*

444

William J. Scott, Attorney General, of Springfield, and Terry Crisel and Philip C. Quindry, State's Attorneys, of Albion (John Prusik and James B. Zagel, Assistant Attorneys General, of Chicago, and Bruce D. Irish and Richard Faught, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Mt. Vernon, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of State Appellate Defender, of Mt. Vernon, for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Here we consider whether under the circumstances of this case the trial court record may be amended under Rule 329 of this court (58 Ill. 2d R. 329) to show a waiver of the right to trial by jury.

Defendant, Carmon R. Chitwood, was convicted in a bench trial on a charge of reckless driving (Ill. Rev. Stat. 1975, ch. 95½, par. 11–503), and was sentenced to six months' periodic imprisonment. On appeal the Appellate Court for the Fifth District, one judge dissenting, reversed and remanded because the record on appeal did not show that defendant had waived his right to jury trial. 42 Ill. App. 3d 680.

Defendant was arraigned on May 6, 1975. The transcript of the arraignment proceedings shows that defendant was informed of his right to trial by jury, and that the court appointed the public defender to represent him. The record also shows that no objection was made by defendant on his bench trial, which was held a week later.

Subsequent to defendant's appeal the State filed a

motion with the appellate court to amend the record under Rule 329, which provides:

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. ***" 58 Ill. 2d R. 329.

The State's motion was based on an affidavit filed in the trial court. That affidavit recited that after conferring privately the defendant and his counsel returned to the courtroom, and counsel requested that an early trial date be set immediately. The State's Attorney stated that he could be ready for trial in one week, but that if a jury trial were desired, no trial could be had until 30 days after arraignment. Defendant's counsel, in the presence of defendant, informed the trial judge that defendant desired to waive a trial by jury, and requested a bench trial on May 13.

A hearing on the affidavit was held. Defense counsel was present. The trial judge verified that the statements made in the affidavit were true. Defendant did not then, nor does he now, challenge their accuracy.

The appellate court conceded that if defendant had waived a jury, then the failure of the record to disclose that fact would be a "material omission" within the literal meaning of Rule 329. The court held, however, that judicial decisions had engrafted on Rule 329 the limitation that an amendment must be documented by some matter already contained in the record or in some other written form such as the judge's minutes, rather than by the mere recollection of a witness or of the trial judge. Since there was no such recorded documentation suggesting a jury

waiver, the appellate court felt compelled to deny the State's motion.

Rule 329, as the Committee Comments demonstrate, is a very broad provision whose object is to allow the record on appeal to be amended to correct inaccuracies, . supply omissions, correct improper authentication, and settle controversies as to whether the record on appeal accurately discloses what occurred at trial. It is designed to facilitate the amendment of the record on appeal. However, it may not be employed as a self-frustrating device, namely to change what a court on a hearing under this rule with uncontradicted affidavits, has determined to be an accurate representation of what occurred.

The appellate court relied chiefly on our decision in *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425. The situation in *Hartgraves* was that during the trial a juror was injured and became unable to continue to serve. An off-the-record conference was held in chambers, after which defendant's counsel moved for a mistrial. That motion was denied. The denial was raised in a post-trial motion by defendant. At that time plaintiff's counsel submitted an affidavit stating that during the discussion in chambers defendant's counsel had stated that he would, for the record, formally object to proceeding with less than 12 jurors, but that he was not unwilling to do so, and he requested the judge to overrule his objection. The defendant's counsel submitted a counteraffidavit in which he denied ever having agreed to go forward with less than 12 jurors. At the hearing on the post-trial motion the judge, relying on his "clear memory" of the in-chambers discussion and of defendant's agreement expressed therein that the trial might go forward with 11 jurors, denied the post-trial motion. On appeal the appellate court reversed, and we affirmed the decision of the appellate court.

The question in *Hartgraves* was thus not whether the record could be amended, but whether it could be

impeached by showing that a party had made an off-the-record representation inconsistent with the position which he assumed in the courtroom as shown by the record. The off-the-record discussion was not intended to be a part of the record. As was observed, any reference to the alleged in-chambers agreement "would have rendered the proceedings that followed in court a meaningless charade." 63 Ill. 2d 425, 429.

Here, on the contrary, the State's position is that defendant, through his counsel, did waive jury trial in open court, but that the waiver was inadvertently omitted from the record. As we have previously stated, defendant has not denied having waived a jury.

The State's motion to amend should have been allowed. Since allowance of that motion disposes of the only issue now remaining in the case, our disposition of this appeal will be to reverse the judgment of the appellate court and to affirm the judgment of the circuit court.

Defendant points out that if Rule 329 is construed as allowing amendment of the record to show a waiver of jury trial, a threat is posed to the effective exercise of that constitutional right. On the other hand, we cannot disregard the fact that defendant's construction of the rule also creates a risk—namely, that a defendant who had in fact waived a jury may, following conviction and sentence, decide to repudiate his waiver and thus to obtain a retrial of his case.

From the point of view of both the prosecution and the defense, and in the interest of just and expeditious judicial administration, it is plain that the parties and the trial judge should take steps to insure that a waiver is incorporated in the report of proceedings.

As was noted in *People v. Bell* (1969), 104 Ill. App. 2d 479, 482:

> "It takes but a few moments of a trial judge's time to directly elicit from a defendant a response

indicating that he understands that he is entitled to a jury trial, that he understands what a jury trial is, and whether or not he wishes to be tried by a jury or by the court without a jury. This simple procedure incorporated in the record will reduce the countless contentions raised in the reviewing courts about jury waivers."

The judgment of the appellate court is reversed, and the judgment of the circuit court of Edwards County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*