THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES B. HENDERSON, Defendant-Appellant.

Fifth District   No. 76-346

Opinion filed October 21, 1977.

Ralph Ruebner and Richard Steck, both of State Appellate Defender's Office, of Chicago, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was convicted in a jury trial of the crime of armed robbery and sentenced to prison for not less than 10 nor more than 30 years. He appeals with the sole issue whether the record must affirmatively show the presence of defendant at all stages of his trial.

The issue raised arose during the hearing on a pretrial motion to suppress the identification testimony of Ethyl Allen. Defendant had been removed from the courtroom during Allen's testimony at the request of his attorney. The record failed to show that the defendant was returned to the courtroom prior to the testimony of the next witness, Detective Walker.

Defendant contends that the failure of the record to affirmatively show his presence during the testimony of Detective Walker requires reversal, citing article I, section 8 of the Illinois Constitution of 1970, which provides in part that: "* * * the accused shall have the right to appear and defend in person * * *" and *Dowdell v. United States*, 221 U.S. 325, 55 L. Ed. 753, and *People v. Woods*, 27 Ill. 2d 393, 189 N.E.2d 293.

In their brief the People contend that defendant waived the issue raised by failing to include it in his post-trial motion. Alternatively, the People argue that defendant has no right to be present at pretrial motions and, even if such right exists, the failure of the record on appeal to show defendant's presence is not reversible error.

After oral argument was heard and the case taken for opinion the People filed with this court a verified motion for leave to amend the record on appeal. The amendment consisted of one page of the transcript of the testimony of the hearing on the motion to suppress identification testimony. It is in all respects identical to the original page of the

transcript it is to supplant, but contains the following notation upon the reconvening of court after the testimony of Ethyl Allen: "Defendant James Henderson returned to the courtroom at this time." Attached to the amended page is the certificate of correctness of the court reporter and the certificate of the trial judge to the effect that the amended page is correct and adds: "And inasmuch as the foregoing matters and things do not more fully appear of record herein, the undersigned Presiding Judge hereby signs and seals the same and orders that the same be filed and made a part of the record in said cause, as if by Statute made and provided."

The position of the People, as presented in their motion, is that the original record is wholly silent as to the presence or absence of defendant during the testimony of Detective Walker and the amended page removes the ambiguity by showing defendant's presence. The People cite *People v. Chitwood*, 67 Ill. 2d 443, 367 N.E.2d 1331.

Defendant filed objections to the People's motion, supported by an affidavit of defendant's appellate counsel. Defendant argues that the motion should be denied because the "correction" made by the amendment is not supported by the court reporter's notes, that there has been no opportunity to "cross-examine the memory" of the court reporter, or anyone else and that there has been no hearing on the "correction" as provided by Supreme Court Rule 329 (Ill. Rev. Stat. 1975, ch. 110A, par. 329), which states in part: "Any controversy as to whether the record accurately disclosed what occurred in the trial court shall be submitted to and settled by that court * * *." The affidavit attached to the defendant's objections recited only that the affiant had had a conversation with the court reporter and was told in that conversation that the portion of the page which shows defendant present in the courtroom was not reflected in her notes but was constructed wholly from memory. Neither defendant's objections nor any affidavit sought to controvert the accuracy of the amended transcript page.

■■■ In light of *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457, and *People v. Chitwood*, we believe the People's motion should be granted. Although Supreme Court Rule 329 was restrictively interpreted by a plethora of decisions to mean that an amendment of a record could not be based upon the memory of witnesses, the recollection of a judge or supporting affidavits without the production of some note or document contained in the record or minutes of the judge (see Ill. Ann. Stat., ch. 110A, par. 329, Historical and Practice Notes, at 105 (Smith-Hurd 1975)), *Hartgraves* and *Chitwood* limited this case law restriction to situations where the amendments contradict or impeach the clear contents of the record. Although *Hartgraves* and *Chitwood* made no

specific mention of the numerous prior decisions which required some basis in the record for the amendment even where there was no contradiction or impeachment involved, we believe they, in effect, overruled those prior decisions. Because of *Hartgraves* and *Chitwood* we believe Rule 329 should now be read to mean that courts may allow amendments where there is no basis in the record provided the amendments do not impeach or contradict the contents of the record. Should the proposed amendment involve a contradiction it will have to "be supported by something other than the 'clear memory' of the trial judge" (*Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 432, 348 N.E.2d 457, 461), *i.e.*, by the existence of some documents, minutes, records or quasi-records.

In the present case the proposed amended page has been certified by both the court reporter and trial court judge. This is not an instance where the amendment contradicts matters of record; rather the amendment supplies an omission of the record to speak. Was defendant, or was he not, present during the testimony of Detective Walker. The original record did not say. It now does.

■■ We think it significant that defendant did not supply an affidavit in which he denied his presence at the indicated time. The accuracy of the amendment is not challenged. Although Rule 329 contemplates a hearing when there is a "controversy as to whether the record accurately disclosed what occurred in the trial court," since defendant does not dispute that the original record omitted to show defendant's presence, nor deny that he was present, there is here no controversy requiring a hearing.

Our decision to allow the People's motion to amend the record effectively disposes of the sole issue raised in this appeal. Accordingly, we affirm the judgment of the trial court.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.