*In re* ESTATE OF PAULINE KALUZA, Deceased.—(EDWARD KALUZA, Petitioner-Appellant, *v.* RONALD S. WRONSKI, Respondent-Appellee.)

First District (2nd Division)   No. 77-992

Opinion filed July 5, 1978.

John R. Ryan, of Chicago, for appellant.

Herbert, Owens & Kane, of Chicago (Richard J. Owens, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County, Probate Division, appointing Ronald S. Wronski legal representative of the estate of Pauline Kaluza, deceased. Specifically, Wronski was issued letters of administration with the will annexed (Ill. Rev. Stat. 1977, ch. 110½, par. 9—3) subsequent to the refusal, by the First National Bank of Chicago, to act as executor of decedent's estate. Ill. Rev. Stat. 1977, ch. 110½, par. 6—12.

On November 15, 1976, Pauline Kaluza executed her last will and testament pursuant to which the First National Bank of Chicago was named executor. Pauline Kaluza died January 5, 1977, and the First National Bank of Chicago thereafter declined to act as executor. Consequently, a petition was filed by Edward Kaluza, a cousin-legatee

and five others identified as friends of the deceased who were legatees and/or devisees, in the circuit court of Cook County, probate division, for probate of the will and for letters of administration with the will annexed.[1] They requested that Ronald S. Wronski be named administrator. The petition was executed by Edward Kaluza as petitioner and was supplemented with an attached document containing the signatures of the other petitioners.

On April 4, 1977, an amended petition for probate of the will and for letters of administration with the will annexed was filed. Through this petition, Edward Kaluza, now as sole petitioner, requested that he be named administrator of Pauline Kaluza's estate, rather than Ronald S. Wronski.

On June 6, 1977, a supplemental petition was also filed by Edward Kaluza. In this petition, he alleged, *inter alia*, that (1) due to the filing of the amended petition for probate of the will and for letters of administration with the will annexed no basis remained for the naming of Ronald S. Wronski as administrator, (2) Edward Kaluza, as heir and legatee, was qualified to act as administrator, (3) Ronald S. Wronski was a stranger to deceased, not being named in the will in any capacity, and (4) that Mr. and Mrs. Frank and Helen Malakuskie, legatees and devisees of testator's will, never sought to have Ronald S. Wronski named as administrator. Finally, the petition submitted that, therefore, Edward Kaluza remained the only person seeking issuance of letters of administration.

Ronald S. Wronski, on June 6, 1977, filed a motion to strike the amended petition for letters. Wronski, through this motion, only contended that Edward Kaluza had elected not to serve as administrator, that such election was irrevocable and thus the amended petition for letters should be stricken and Wronski appointed as administrator with the will annexed.

The court did not formally rule upon the merits of said motion but, on June 6, 1977, embarked upon a hearing on the two petitions for probate of the will and for letters of administration with the will annexed and the supplemental petition. In so doing, we must assume the trial court considered the motion to strike as being without merit. We agree with the trial court's conclusion.

At the hearing, the court heard the testimony of several witnesses and the argument of counsel. At the conclusion of the hearing, the court appointed Ronald S. Wronski administrator of Pauline Kaluza's estate.

On June 27, 1977, Edward Kaluza filed a "notice of interlocutory appeal" which revealed that an appeal was taken from the order of the

---

[1] Counsel assert this initial petition was filed March 10, 1977. However, we note the petition has been stamped by the Clerk of the Court as being filed on April 4, 1977.

circuit court, dated June 6, 1977, appointing Ronald S. Wronski legal representative of the estate of Pauline Kaluza, deceased. On July 22, 1977, Ronald S. Wronski, appellee, filed a motion to dismiss the appeal. The appellate court, on August 1, 1977, dismissed the appeal. However, on August 25, 1977, the dismissal order was vacated and appellee's motion to dismiss the appeal was taken with the case.

The requirements as to form and content of notices of appeal are clearly set forth in Supreme Court Rule 303(c). (Ill. Rev. Stat. 1977, ch. 110A, par. 303(c).) Paragraph 303(c)(2) specifically provides that the notice of appeal specify the judgment or part thereof appealed from *and the relief sought from the reviewing court.*

■■ In the instant case, appellant's notice of appeal fails to specify the relief sought from the reviewing court. To this extent, the notice of appeal was defective. We do not believe, however, that such deficiency should be fatal to this appeal. Appellant's error was one of form and not substance, and due to the absence of any resultant prejudice to appellee, this court will proceed to consider this appeal on its merits. *City of Peoria v. Lynn* (1976), 44 Ill. App. 3d 697, 358 N.E.2d 718; *City of Chicago v. Hutter* (1973), 14 Ill. App. 3d 911, 303 N.E.2d 176 (abstract).

We may now direct our attention to the propriety of the order entered by the circuit court of Cook County, probate division, appointing Ronald S. Wronski legal representative of Pauline Kaluza's estate. This order was entered subsequent to a hearing in which the court heard the disjointed testimony of several witnesses and the arguments of counsel. A substantial portion of the testimony and remarks of counsel referred only to the validity of the initial petition for probate of Pauline Kaluza's will and for letters of administration with the will annexed.

Helen Malakuskie and her husband Frank Malakuskie, legatees, devisees and friends of the deceased, testified that they signed their names to a piece of paper not attached to the initial petition. Mrs. Malakuskie stated that she did not know what she was signing. Mr. Malakuskie testified that he was told to sign the paper in order to "release" the bank (The First National Bank of Chicago) as executor. Both of the Malakuskies testified that they did not wish Ronald S. Wronski to serve as administrator of Pauline Kaluza's estate.

Ronald S. Wronski testified that he saw each of the individuals as they signed the "addendum" to the petition. Wronski further testified that the complete document (the initial petition with the addendum) was in the same condition at the hearing as it was when each individual signed the document.

T. Ronald Herbert, an attorney with the firm representing Ronald S. Wronski, also testified. Herbert's testimony, however, did not relate to either of the petitions for letters. His testimony merely referred to the

circumstances surrounding the execution of an "estate settlement agreement" and was adduced amid both counsels' interjection of argument, comment and colloquy among counsel and the court. Appellant's counsel argues that Wronski's participation in the proposed settlement of the estate and a distribution not in conformity with the last will and testament is an admission that the will was not valid, thus, was not qualified to be appointed administrator.

■■ The hearing in this matter was so disjointed that this court finds it impossible to determine whether the probate court was correct in appointing Wronski administrator, irrespective of the sentiments of the devisees and legatees. While the law would allow us to affirm the order of the probate court if the record supported the finding and not the reasoning (*La Salle National Bank v. International Ltd.* (1970), 129 Ill. App. 2d 381, 263 N.E.2d 506) the record is insufficient for this court to do so. Accordingly, the order appointing Ronald S. Wronski administrator of the estate of Pauline Kaluza is reversed and the cause remanded for a new hearing.

Reversed and remanded.

DOWNING and BROWN, JJ., concur.

