THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DUIL THORNTON, Defendant-Appellant.

Fifth District   No. 79-238

Opinion filed May 16, 1980.—Rehearing denied June 26, 1980.

John H. Reid and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Following a bench trial in the circuit court of St. Clair County, defendant was convicted of armed robbery and sentenced to a term of 8 to 24 years imprisonment. On direct appeal this court remanded the cause to the circuit court for consideration of one issue, whether defendant had waived his right to a jury trial. On remand the trial court determined that defendant had waived that right. Defendant appeals contending that that finding was erroneous. The State contends the cause must be dismissed for (1) lack of an appealable order, and (2) lack of a proper notice of appeal. Alternatively the State contends the finding of the trial court on remand was correct and that defendant has waived the issue.

On the first direct appeal in this cause (*People v. Thornton* (1978), 61 Ill. App. 3d 530, 378 N.E.2d 198), we disposed of several issues adversely to defendant. Those issues, save one, are not relevant to this appeal. Defendant contended at that time that he had not waived a jury trial and that this court must presume from the record's silence on the matter that no waiver had occurred. The State moved to amend the record to reflect such a waiver, basing it on an *ex parte* hearing below. This court declined to grant that motion in view of defendant' challenge as to the accuracy of the proposed amendment. The opinion of this court concluded as follows:

> "A proper settlement of this controversy in the trial court, as required by Supreme Court Rule 329, will effectively dispose of the sole remaining issue in this appeal. Accordingly we will remand this cause to the trial court for a hearing of which defendant is to receive reasonable notice and an opportunity to be heard. If following the hearing the trial court finds that defendant waived his right to a jury in open court prior to the bench trial or that such was done by defense counsel in the presence of defendant, then the State's motion to amend is to be granted and the judgment

entered by the circuit court of St. Clair County is affirmed. If, on the other hand, the court finds that the record as it presently exists conforms to the truth and a jury waiver as alleged by the State was not made, then the State's motion to amend is to be denied and the judgment entered is reversed and the cause remanded for a new trial." 61 Ill. App. 3d 530, 538, 378 N.E.2d 202, 203-04.

On remand an evidentiary hearing was held. Robert Gagen, the judge at defendant's bench trial, testified that he recalled the following sequence of events on the day defendant's trial began: Del Goldenhersh, defendant's counsel, stated defendant wished to waive jury trial. Gagen gave the admonishments he usually gave before accepting a jury waiver. Defendant showed some hesitation. Goldenhersh took defendant aside for a conference outside Gagen's hearing. Goldenhersh advised Gagen his client did want to waive jury trial. Gagen repeated the admonishments he had just given. Defendant then personally waived trial by jury.

Carmen Durso, who represented the State on the date in question, testified Goldenhersh telephoned the week before trial and stated he was contemplating waiver of a jury in this case. He recalled the same sequence of events testified to by Gagen, including the admonishments, defendant's hesitation, the conference between defendant and Goldenhersh, and the second set of admonishments. He testified it was defendant himself who finally waived jury trial.

Both Gagen and Durso were questioned as to why the record did not reflect that defendant had been admonished and had waived jury trial. Gagen thought the court reporter had been absent and no one had noticed. Durso thought the reporter had been present and had run out of paper at that time. Both witnesses were obviously only speculating as to what might have caused the matter to be omitted from the record.

The next witness at the hearing on remand was Del Goldenhersh, defendant's attorney at trial. He recalled discussing jury waiver with defendant prior to trial. However, he could recall no such discussion in Gagen's presence. He had told Durso he might request a bench trial. He thought defendant understood there would be no jury trial. However, he did not recall whether defendant had said he wanted a jury or not.

The last witness at the hearing on remand was Duil Thornton, the defendant. He did not recall telling Gagen himself or hearing Goldenhersh tell Gagen that he would waive jury trial. Goldenhersh had advised Thornton that he recommended a bench trial. Asked whether he knew he could have had a jury trial, defendant replied that he was just going by what his lawyer told him. Defendant stated that he was sure he never spoke to Gagen except when he testified in his own defense. "God be my witness, he never talked to me."

The trial court took the matter under advisement for more than two months. On March 6, 1979, an order was filed which read in pertinent part as follows:

"The Court having heard the testimony of the witnesses called during the hearing on the Post Trial Petition, and having reviewed the entire file, is unable to find sufficient evidence to support the proposition that the 'Defendant did not knowingly and understandingly waive his right to a trial by jury.'

IT THEREFORE [*sic*] ORDERED that the Defendant's Post Trial Petition be denied."

First, we consider the State's contention that the appeal must be dismissed for lack of an appealable order. The State's argument, as we perceive it, is this: The opinion of this court on the first direct appeal indicated that if the trial court found waiver had occurred, the judgment was affirmed, and if waiver was not found, the judgment was reversed. Thus, since waiver was found, the judgment is affirmed. The matter is *res judicata*.

■■ This argument is advanced without authority. We cannot accept it. The judgment of the trial court was to be affirmed only if the proceedings on remand were proper. Absent proper proceedings, there could be no proper affirmance. The propriety of those proceedings is at issue here, and the matter has not been decided.

Next, we consider the State's contention that the notice of appeal was fatally defective, depriving this court of jurisdiction of this appeal. Two defects are alleged. First, the matter appealed from is characterized as a judgment of guilty of armed robbery. Second, the date of the trial court's order finding jury trial waiver is included only in the space marked, "Date Sentence Imposed." The notice of appeal sets forth the name of the presiding judge below and the court from which the appeal was taken, defendant's name and address, and the date of the most recent order of the trial court.

■■ The instant notice of appeal is not so defective as to defeat the jurisdiction of this court. Minor insufficiencies in the form of the notice of appeal are to be disregarded. (*People v. Mason* (1969), 118 Ill. App. 2d 47, 254 N.E.2d 600.) Even a "woefully inadequate" notice of appeal has been held sufficient to support the jurisdiction of the appellate court where appellee has suffered no perceptible prejudice therefrom. (*City of Peoria v. Lynn* (1976), 44 Ill. App. 3d 697, 358 N.E.2d 718.) Since a notice of appeal has been filed here and the State alleges no prejudice whatsoever from the defects alleged, we do not believe we are without jurisdiction as to this appeal.

We next examine the merits of defendant's contention on appeal.

This cause was remanded to the trial court in order that it might be determined, in accordance with Supreme Court Rule 329 (Ill. Rev. Stat. 1977, ch. 110A, par. 329), whether the record in the original appeal was correct in reflecting that defendant had not waived trial by jury in open court. In the original appeal and during the proceedings on remand, the State adopted the position that the record omitted pretrial proceedings during which defendant had waived jury trial. Thus the State attempted to establish the truth of two propositions: first, that the record in the initial appeal was incorrect and incomplete; second, that a complete and correct report of all proceedings would reflect defendant was fully admonished and waived jury trial. Whether the admonishments given were sufficient was not and is not at issue. The issue of fact before the trial court on remand was whether or not the entire series of events described by Durso and Gagen had occurred.

■ Defendant maintains that the burden of proof in the proceedings on remand was on the State to prove that the record on appeal was incorrect and should be amended. The State concedes this. We agree. Rule 329 states that the record on appeal "shall" be taken as true unless shown to be otherwise. As a general rule, the burden of proof rests upon that party who would be defeated if no evidence at all were offered. (*Stephens v. St. Louis Union Trust Co.* (1913), 260 Ill. 364, 103 N.E. 190; *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.) Here, the burden of proof was on the State, the party seeking to amend the record.

Defendant asserts that the written order of the trial court on remand shows the judge mistakenly thought the matter was being heard on defendant's petition and that the court placed the burden of proof on defendant. The State admits the order can be so construed. We again agree. The trial court erroneously believed the burden of proof at the hearing on remand was on defendant.

While defendant contends the error justifies reversal, the State maintains it was harmless. The State bases its contention on decisions in the wake of *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307. In *McCullum* our supreme court held that section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1) was unconstitutional insofar as it placed on a defendant the ultimate burden of proving unfitness to stand trial.

Following publication of *McCullum*, this court decided *People v. Bilyew* (1977), 55 Ill. App. 3d 69, 370 N.E.2d 585. In *Bilyew*, four expert witnesses were evenly divided in their opinions concerning defendant's fitness to stand trial. After hearing those opinions and lay testimony regarding defendant's behavior while incarcerated, the trial court found defendant competent and accepted negotiated pleas. This court rejected

the State's argument on appeal that since the trial court did not expressly rely upon the statutory assignment of the burden of proof, the burden allocation had no effect on the trial court's decision. Also rejected in view of the divided expert opinions was the State's contention that the evidence clearly established defendant's fitness to stand trial. The cause was reversed and remanded for a new fitness hearing.

Our supreme court reversed (*People v. Bilyew* (1978), 73 Ill. 2d 294, 383 N.E.2d 212), while noting the split of expert testimony and agreeing that the judge must be presumed to have applied the unconstitutional burden of proof in the fitness statute, finding that "the record fails to support the conclusion that the unconstitutional burden of proof provision entered into the trial court's determination," reasoning as follows:

> "The statutory allocation of the burden of proof becomes significant in a given case only when the evidence is so nicely balanced that neither fitness nor unfitness is established by a preponderance of the evidence. (73 Ill. 2d 294, 300, 383 N.E.2d 212, 215.)

The court also quoted as follows from *United States v. DiGilio* (3d Cir. 1976), 538 F.2d 972, 938:

> " 'Allocation of the burden of proof will be significant, in theory at least, only in the rare case when, assuming the evidence is weighed by the preponderance of evidence standard, the conflicting evidence is in equipoise in the mind of the fact finder. At that point the triability of a defendant will depend on where the burden of proof is placed. * * *' " (73 Ill. 2d 294, 301, 383 N.E.2d 212, 215.)

The supreme court in *Bilyew* concluded that the trial court's lengthy statement of her reasons for finding defendant fit gave no indication that she was concerned as to the burden of proof.

Subsequent to this court's publication of *Bilyew*, but prior to publication of our supreme court's decision thereon, the Appellate Court, Second District, decided *People v. Tamayo* (1978), 56 Ill. App. 3d 800, 372 N.E.2d 434. The same fitness statute was in question. Expert testimony as to defendant's fitness was divided; defendant's conviction was reversed because it was "not apparent" which standard of proof had been applied to the fitness question.

Reversing, the supreme court (*People v. Tamayo* (1978), 73 Ill. 2d 304, 309, 383 N.E.2d 227, 230) explained its holding in *Bilyew*:

> "[W]here the record below did not contain any specific indication that the burden of proof had been a factor in the trial court's determination, but on the contrary was wholly consistent with and gave substantial support to the conclusion that defendant had been

found fit by a preponderance of the evidence, vacation of the trial court's determination was improper."

■■ In our opinion *Bilyew* and *Tamayo* as decided by our supreme court control this case. They reveal that defendant on appeal must show more than that an erroneous burden of proof was applied by the trial court. Even the fact that the evidence revealed a "close case" is insufficient to warrant reversal. Rather, there must be some "specific indication that the burden of proof had been a factor in the trial court's determination" (73 Ill. 2d 304, 309, 383 N.E.2d 227, 230). While the instant jury trial waiver was found on sharply contradictory testimony and while an improper burden was applied, we find no indication that the court's decision would have been affected by proper allocation of the burden of proof. It appears the trial judge determined Gagen and Durso were more credible than defendant. That implicit finding remains regardless of the burden of proof applied.

Worth noting is the fact that at the hearing on remand the State was the first to present its evidence on the issues involved and the defendant followed with his evidence. This was the proper sequence to follow if the burden were on the State. On the other hand, if the burden of proof were on the defendant, he would have had to go forward with his evidence first. It appears withal that the problem here considered arises solely from the unfortuitous wording of the court's order. We perceive no prejudice or disadvantage to the defendant.

We do not view the fact that a jury waiver was at issue here as providing any significant distinction from the fitness cases, *Tamayo* and *Bilyew*. The right to a jury trial is at stake here. Yet no more important right was at stake in *Bilyew*, where, after the fitness hearing, defendant pleaded guilty, *i.e.*, waived many rights including his right to trial by jury.

Defendant also urges that the evidence adduced on remand was legally insufficient to support an amendment to the record since defendant maintained the record on appeal, unamended, was accurate and since there was no "note or memorandum" to support the State's contention that the record was incomplete. In *People v. Chitwood* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331, our supreme court held the State's motion to amend the record on appeal to show jury waiver should have been allowed despite lack of documentary support in the record or some other written form. In *Chitwood* defendant's failure to challenge the accuracy of the amendment was stressed. Defendant maintains *Chitwood* does not control in cases such as the one at bar, where defendant contests the accuracy of the proposed amendment.

■■ The issue is waived. In the first appeal of this cause, where defendant contested the accuracy of the amendment, defendant "concede[d] that under *Chitwood*, since the State does not seek an amendment which

impeaches or contradicts the contents of the record, it is not required to prove that some document, record, quasi-record or minutes support the proposed amendment." (*People v. Thornton* (1978), 61 Ill. App. 3d 530, 536, 378 N.E.2d 198, 203.) We hold defendant to this concession. Had defendant adopted the interpretation of *Chitwood* in the prior appeal which he now adopts and had we agreed and found documentation lacking, there would have been no reason to remand for an evidentiary hearing. Where in the prior appeal questions of law are presented and determined, such become the law of the case and are generally binding and will control in a subsequent appeal unless the facts presented in the subsequent proceedings are so substantially different as to require a different interpretation. (*Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477.) Where a question was open to consideration in a prior appeal and it could have been presented but was not, the question will be deemed waived. (*Turner v. Commonwealth Edison Co.*) A second appeal brings up nothing except proceedings subsequent to remandment. (*Turner v. Commonwealth Edison Co.*) The issue is not properly before this court now.

Even if the issue were not waived, we would adhere to our interpretation that courts may allow amendments pursuant to Supreme Court Rule 329 where there is no basis in the record, provided the amendments do not impeach or contradict the contents of the record. *People v. Henderson* (1977), 54 Ill. App. 3d 46, 369 N.E.2d 556.

In view of our disposition of the above issues, we do not reach the State's contention that defendant waived any error below.

Affirmed.

KASSERMAN and SPOMER, JJ., concur.