THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN WHITEHEAD, Defendant-Appellant.

Fifth District   No. 79-308

Opinion filed August 18, 1980.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Appellant, Steven Whitehead, pleaded guilty to aggravated battery and two counts of burglary. Pursuant to plea negotiations, he was sentenced to probation. Subsequently the State filed a petition to revoke probation based on four misdemeanor violations and he was found guilty of contributing to the delinquency of a minor and resisting arrest after a bench trial. Based on these convictions, appellant's probation was revoked, and he was sentenced to 3½ years' imprisonment on the underlying felonies and 6 months on the misdemeanor convictions, all sentences to be served concurrently. He appeals from both his misdemeanor convictions and from the revocation of his probation contending that he never waived his right to a jury trial on the misdemeanor charges. We affirm the judgments consolidated for appeal.

On November 30, 1979, appellant filed his brief in this court, raising only the jury waiver issue. On December 28, 1979, the State filed a motion in the trial court to amend or supplement the record. At the motion hearing, Keith Jensen, the assistant State's Attorney who prosecuted the misdemeanor charges, testified that defendant and his counsel, Mr. Leonard Berg, conferred for approximately one-half hour prior to trial when Mr. Berg stated that defendant was going to waive his right to a jury trial. Mr. Jensen further testified that the court asked if defendant wanted to waive a jury and Mr. Berg in defendant's presence stated that defendant did. Mr. Jensen thought that the court also specifically asked defendant if he wished to waive his right to a jury trial and defendant concurred in the statement of his counsel. A reporter was not available when the foregoing occurred.

The Honorable P. J. O'Neill, presiding judge at defendant's trial, testified that when defendant made his initial appearance he requested a jury trial. Later Mr. Berg informed him that defendant would waive a jury trial and requested a setting for a bench trial. Judge O'Neill stated that he did not remember what transpired when the case was called for trial, although it was his habit to always ask the defendant in open court if he wished to waive the jury before he proceeded with a bench trial. The defendant did not object to having a bench trial at any time.

Mr. Berg testified that he had an extensive conversation with defendant and thereafter asked Judge O'Neill to set the case for a bench

trial. Defendant was not with him when he made the request, and Mr. Berg said he believed that no jury waiver occurred in open court.

Michael Donohoo, Judge O'Neill's bailiff, testified that he remembered Judge O'Neill stating earlier in the day defendant had waived a jury trial. Mr. Donohoo believed that Judge O'Neill was one of the most meticulous judges in admonishing defendants of their rights.

Finally, defendant testified that he did not recall waiving his right to a jury trial or Mr. Berg waiving that right in his presence. He thought the court stated the name and number of the case and called it for a nonjury trial.

The trial court entered the following order following the motion hearing:

> "The only witness with a clear, present recollection surrounding the events when the defendant is alleged to have waived trial by jury on causes number 79-ECM-391 and 79-ECM-392 is Keith Jensen, Assistant State's Attorney. Mr. Jensen testified that he had a clear recollection and was positive that the right to trial by jury was waived in open court in the presence of the defendant by his attorney, Leonard Berg.
>
> No other witness had a clear recollection of the events surrounding the claimed waiver. However, Associate Judge P. J. O'Neill testified, without objection, that it was his habit to always ask defendants if they waived their right to trial by jury before commencing a hearing. The defendant at no time objected to a bench trial in that proceeding. The trial took place in Courtroom No. 15, a very small courtroom, approximately 12' x 15'. The trial was a bench trial, and no jurors were present during the proceeding.
>
> Based on all the testimony heard this date, the Court finds by a preponderance of the evidence that the defendant, Steven Whitehead, did waive a jury in these causes."

On February 11, 1980, the State made a motion in this court to supplement the record with the transcript of the motion hearing and with the court's order. Over defendant's objection, this court granted the State's motion.

The State argues that the record now reflects that defendant waived a trial by jury in open court through his attorney because a waiver of a jury trial made by defense counsel in open court and in the presence of defendant is a knowing and valid waiver that binds the defendant. (*People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762.) Defendant responds that the trial court's finding that only Mr. Jensen had a clear

memory is incorrect as defendant testified to the best of his knowledge that he did not waive a trial by jury.

As a preliminary matter, we must determine whether the State's amendment of the record was proper. Supreme Court Rule 329 (Ill. Rev. Stat. 1979, ch. 110A, par. 329) states:

"The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted."

Our supreme court has rendered two fairly recent decisions on the issue of amending the record pursuant to Rule 329. In *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457, the supreme court denied the use of the rule to impeach a trial record. There a juror was unable to continue with the trial. An in-chambers, off-the-record discussion was held after which, in open court, defendant moved for a mistrial which was denied. The 11-member jury returned a verdict in favor of the plaintiff for $60,000. In its post-trial motion, defendant raised the issue of proceeding with an 11-member jury. Plaintiff filed an affidavit which stated that defendant while in chambers had agreed to continue the trial but would formally object, which objection the court should overrule. Defendant filed an affidavit denying the foregoing. At the post-trial motion hearing, the trial court, based on its clear recollection, found that the defendant had agreed to proceed with less than 12 jurors.

On appeal, plaintiff contended that the judge's recollection was part of the record and that the record thus showed defendant's waiver of its right to a jury of 12. The supreme court, noting the existence of a verbatim transcript, rejected plaintiff's Rule 329 argument and stated:

"Here there is no disagreement on whether the record accurately discloses what occurred in court. Nothing that was stated at trial has been omitted or improperly transcribed." (63 Ill. 2d 425, 429.) The supreme court ruled that "any corrections of or additions to the record which contradict the clear and unambiguous contents of the record must be supported by something other than the 'clear memory' of the trial judge." (63 Ill. 2d 425, 432.) The *Hartgraves* opinion left open the question whether an amendment to the record could be based on "clear

memory" when that clear memory did not contradict the transcript of the proceedings in open court.

In *People v. Chitwood* (1977), 67 Ill. 2d 443, 367 N.E.2d 1331, the supreme court allowed amendment of the record in order to supply an omission therefrom. In *Chitwood*, the defendant was convicted in a bench trial of reckless driving and sentenced to 6 months' periodic imprisonment. The Illinois Appellate Court reversed because the record failed to show that the defendant had waived his right to a jury trial. The State, pursuant to Supreme Court Rule 329, attempted to file an affidavit of the State's Attorney stating that defendant had waived a jury trial but the waiver was inadvertently omitted from the record. The supreme court held that the amendment should have been allowed because, unlike *Hartgraves* which involved impeachment of the record on appeal, the State's Attorney's affidavit supplied an omission from the record. The supreme court also noted that defendant Chitwood, unlike the defendant in the case at bar, did not deny having waived a jury. The supreme court stated:

> "Defendant points out that if Rule 329 is construed as allowing amendment of the record to show a waiver of jury trial, a threat is posed to the effective exercise of that constitutional right. On the other hand, we cannot disregard the fact that defendant's construction of the rule also creates a risk—namely, that a defendant who had in fact waived a jury may, following conviction and sentence, decide to repudiate his waiver and thus to obtain a retrial of his case.

> From the point of view of both the prosecution and the defense, and in the interest of just and expeditious judicial administration, it is plain that the parties and the trial judge should take steps to insure that a waiver is incorporated in the report of proceedings." 67 Ill. 2d 443, 448.

Neither *Hartgraves* nor *Chitwood* resolved the issue presented to this court: Can the State supplement the record from the "clear memory" of one of the parties when the other party contradicts this "clear memory"? In light of *Hartgraves* and *Chitwood*, we believe that the State's motion was properly granted. Although Supreme Court Rule 329 was generally interpreted to mean that an amendment of a record could not be based upon witness memory, the recollection of a judge or supporting affidavits without the production of some note or document contained in the record or the minutes of the judge (Ill. Ann. Stat., ch. 110A, par. 329, Historical and Practice Notes, at 106 (Smith-Hurd 1976)), *Hartgraves* and *Chitwood* limited this restriction to situations where the amendments contradict or impeach the clear contents of the record. (*People v. Henderson* (1977), 54 Ill. App. 3d 46, 48-49, 369 N.E.2d 556.) Therefore, the court can allow, as

here, amendment without some documentation in the record since it supplies an omission in the record and does not impeach or contradict the contents thereof. The record was properly amended.

■■ On the issue of jury waiver, defendant contends that the trial judge ignored his testimony in finding that the assistant State's Attorney was the only witness with a clear recollection of the events regarding waiver. However, defendant had a substantial interest in the outcome of the hearing, and his credibility was impeached by his conviction for burglary and aggravated battery. The trial court as trier of fact is to determine the credibility of witnesses and the weight to be given their testimony; resolution of any conflicts in the evidence is the function of the trier of fact, and we as the appellate court will not substitute our judgment for that of the trial court. (*People v. Villalobos* (1979), 78 Ill. App. 3d 6, 11-12, 396 N.E.2d 1081; *People v. McLaren* (1979), 77 Ill. App. 3d 368, 372, 395 N.E.2d 1219.) Therefore, we conclude that the trial court's finding regarding defendant's waiver of a jury trial is not against the manifest weight of the evidence.

Since the record was properly amended by the State and defendant waived his right to a jury trial, we need not address the remaining points raised by the parties. We affirm the judgments of the circuit court of Madison County.

Judgments affirmed.

JONES, P. J., and KASSERMAN, J., concur.