ISRAEL M. CEDER *vs.* WARREN E. McCARTHY & another.

Suffolk.    November 8, 1946. — January 8, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Deceit. Damages,* For tort.

Evidence, that the purchaser of a trailer relied upon a representation by the vendor, made as of his own knowledge, that the trailer was made in 1941, whereas in fact it was made in 1936, entitled the purchaser to recover for the deceit notwithstanding the fact that a written contract of the sale contained a statement that "it is agreed that said vehicle has not been represented to be of . . . any particular year."

Damages resulting from reliance by a purchaser of a trailer upon a false representation by the vendor as to the year when it was made could not be assessed unless, in addition to evidence of the actual value of the trailer at the time of the sale, there was evidence as to what would have been its value at that time if it had been made in the year represented.

BILL IN EQUITY, filed in the Superior Court on July 17, 1944.

The suit was heard by *Warner*, J.

*P. B. Buzzell*, for the defendant McCarthy.

*G. L. O'Hara*, for the plaintiff.

LUMMUS, J.    On March 29, 1944, the plaintiff bought a trailer from the defendant McCarthy for $1,670.75, and gave him a promissory note for $970.75 (the balance due after a cash payment) payable to McCarthy or order in eleven monthly instalments beginning May 15, 1944. The Somerville National Bank was made a defendant on the theory that it held the note and might negotiate it.

The bill, filed July 17, 1944, relied in part upon an alleged overcharge for the trailer in excess of a maximum price fixed

by the Federal Office of Price Administration under the authority of Federal statutes. But the plaintiff discovered that because he bought the trailer for use in his trucking business he could not recover damages under the Federal statutes. *Foley* v. *Day Brothers, Inc., ante,* 344. Consequently he had to fall back upon the allegations in his bill that the defendant McCarthy falsely and fraudulently represented the trailer as one made in 1941, whereas it was made in 1936. The bill seeks damages, not rescission. No objection to proceeding in equity is made. *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651. *Leffler* v. *Todd,* 316 Mass. 227, 233. *Nevins* v. *Ward, ante,* 70.

The judge found that McCarthy represented to the plaintiff, as of McCarthy's own knowledge, that the trailer was made in 1941. In fact it was made in 1936. The judge did not find, and apparently could not find upon the evidence, what the value of the trailer would have been at the date of the sale had the trailer been made in 1941. He found merely that its actual value on that date was $500. On April 12, 1946, he entered a final decree, restraining the negotiation and further collection of the note, and ordering the defendant McCarthy to repay to the plaintiff all that he had received in excess of $500. The defendant McCarthy appealed. A report of material facts is before us, together with the evidence.

In our opinion the evidence supports the finding that there was a false and fraudulent representation relied on by the plaintiff to his damage, notwithstanding the fact that the written terms of sale agreed upon contain a statement that "it is agreed that said vehicle has not been represented to be of any particular model or of any particular year." *Bates* v. *Southgate,* 308 Mass. 170. *Moran* v. *Levin,* 318 Mass. 770, 774.

But there must be a further hearing as to damages. By a familiar rule, the measure of damages for deceit, apart from interest, is "the difference in actual value between that which the plaintiff in fact got and that which he would have got if the representation had been true." *Piper* v. *Childs,* 290 Mass. 560, 562. *Forman* v. *Hamilburg,* 300 Mass. 138,

143. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485, 491, 492. The method of assessing damages that was adopted had no relation to that established rule.

> *Decree reversed.*
>
> *Case to stand for further hear-*
>    *ing as to damages.*