(No. 59163.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DIANE ALLEN, Appellee.

*Opinion filed November 21, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, and Michael E. Shabat, Joan S. Cherry, David A. Cuomo, and Kevin Sweeney, Assistant State's Attorneys, of Chicago, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Karen A. Popek, Assistant Public Defender, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

This case involves the unusual problem of an incorrect transcript of proceedings caused by a court reporter's error in transcribing the stenographic notes taken at trial. The defendant, Diane Allen, was charged in the circuit court of Cook County with murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3)), conspiracy to commit armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 8—2), and attempted armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)). Following a jury trial, the defendant was found guilty of conspiracy and attempted armed robbery but not guilty of murder. The conspiracy conviction was merged with the attempt conviction, and the defendant was sentenced to eight years in prison.

The appellate court reversed the attempted-armed-robbery conviction and remanded for a new trial on that issue, finding that the trial judge misstated the law when reading the attempted-armed-robbery instruction to the jury. The appellate court also directed the circuit court, on remand, to enter judgment and impose sentence on defendant's conspiracy conviction, noting that both con-

victions may stand where, as in this case, the object of the conspiracy was broader than the specific crime committed. 116 Ill. App. 3d 996.

The common law record contained a written attempted-armed-robbery instruction, marked given, which correctly stated:

> "To sustain the charge of attempt, the State must prove the following propositions:
>
> * * *
>
> *Third*: That the defendant did not act under compulsion."

However, the transcript of proceedings, page 608, indicated that the trial judge, in reading the instruction to the jury, stated:

> "To sustain the charge of attempt, the State must prove the following propositions:
>
> * * *
>
> *Third*: That the defendant, *or one for whose conduct she is legally responsible,* did not act under compulsion." (Emphasis added.)

After the appellate court reversed the attempted-armed-robbery conviction, the State filed a motion in the appellate court for leave to supplement the record and also filed a petition for rehearing. The State contended, in its motion for leave to supplement the record, that the transcript of proceedings was inaccurate in that the trial judge did not include the words "or one for whose conduct she is legally responsible" when reading the instruction to the jury as to the third proposition of the attempted-armed-robbery instruction. The appellate court denied the motion for leave to supplement the record and denied the petition for rehearing. The State's petition for leave to appeal to this court was granted pursuant to our Rule 315 (94 Ill. 2d R. 315).

After leave to appeal was granted, the State filed a motion in this court requesting leave to supplement the

record, or, in the alternative, to have the cause remanded to the trial court for the limited purpose of conducting a hearing pursuant to our Rule 329 (87 Ill. 2d R. 329). Rule 329 provides for amendment of the record on appeal and states in part:

> "Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth."

We granted the State's motion, in part, by remanding the cause to the circuit court of Cook County for the limited purpose of conducting an evidentiary hearing, pursuant to Rule 329, to determine whether page 608 of the transcript of proceedings (*i.e.*, the attempted-armed-robbery instruction) was an accurate version of the trial court proceedings.

The only witness to testify at the Rule 329 hearing was the court reporter, Debra Bailey, who took the relevant portions of the defendant's trial. Bailey testified that as the trial judge read the jury instructions to the jury, she recorded the proceedings by means of "machine shorthand" or stenographic notes. Bailey's stenographic notes of the trial proceedings were introduced into evidence at the hearing. Bailey was then requested to read from her notes the portion of the proceedings wherein the trial judge read the attempted-armed-robbery instruction to the jury. Reading directly from her stenographic notes, Bailey stated that the trial judge instructed the jury:

> "A. To sustain the charge of attempt the State must prove the following propositions. *** And third, that the defendant did not act under compulsion."

Bailey further testified that her stenographic notes of the judge's reading of the third proposition of the attempted-armed-robbery instruction did not contain the words "or one for whose conduct she is legally responsi-

ble," and that those words should not have been included in the third proposition of the attempted-armed-robbery instruction contained at page 608 of the official transcript.

Bailey explained, during cross-examination, that the mistake in the original transcript of proceedings was caused by her reliance on a set of jury instructions given to her by the State's Attorney's office. Bailey testified that when she began to transcribe her stenographic notes she noticed a discrepancy between her notes and the set of instructions given to her by the State's Attorney's office. Bailey did not compare the set of instructions given to her to the set of jury instructions, marked given by the trial judge, contained in the common law record of this case. Suffice it to say, the two sets were not identical. Bailey testified that when she noticed the discrepancy she assumed that she had missed something the trial judge had said and thus added the additional language contained in the written set of instructions given to her by the State's Attorney's office. It was also brought out during cross-examination that there were discrepancies between Bailey's stenographic notes and the portions of the transcript of proceedings pertaining to the judge's reading of the murder instruction and proposition two of the attempted-armed-robbery instruction. In each instance, however, the version recorded in the stenographic notes was identical to the written instruction marked "given" contained in the common law record.

The circuit judge, after hearing Bailey's testimony and the arguments of counsel, ruled that the evidence supported the proposed correction. The State's motion to correct the record was granted and the judge ordered page 608 of the transcript of proceedings to be amended by striking the words "or one for whose conduct she is legally responsible" from the third proposition of the at-

tempted-armed-robbery instruction.

It is well established that a party may not prove an inaccuracy in the record merely by presenting oral testimony. (*Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 428; *Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 202.) Rather, the inaccuracy must "be proved by the production of some note or memorandum from the records or quasi-records of the court, or by the judge's minutes, or by the papers on file in the cause." *(People v. Miller* (1936), 365 Ill. 56, 58. See also *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 428; *Pinkstaff v. Pennsylvania R.R. Co.* (1960), 20 Ill. 2d 193, 202.) In the present case, the State presented the original stenographic notes of the proceedings, and the notes supported its contention that the transcript of proceedings was inaccurate. The court reporter also explained how the mistake in the transcript of proceedings occurred, admitting that she had added the surplus language to the alleged inaccurate instruction. Also, the written attempted-armed-robbery instruction contained in the common law record and marked "given" by the trial judge supported the State's contention that the transcript of proceedings was inaccurate. Furthermore, when there is a conflict between the common law record and the report of proceedings the court should resolve the conflict by looking at the record as a whole. (*People v. Williams* (1963), 27 Ill. 2d 327, 329; *People v. Jones* (1979), 70 Ill. App. 3d 338, 349.) In looking at the record as a whole, the circuit court judge noted that the defense did not object to the reading of the attempted-armed-robbery instruction and did not raise the error in its post-trial motion. Although the failure to object or to include the error in the post-trial motion does not conclusively prove that the error did not occur, it does lend support to the State's contention that it did not occur. Given all of these facts we are satisfied that the trial

court's correction of page 608 of the transcript of proceedings was proper.

The trial court's correction of the transcript of proceedings is also supported by the original written jury instructions which the trial judge gave to the jurors to take to the jury room when they retired to begin deliberations. The wording of the written attempted-armed-robbery instruction is identical to the wording contained in the stenographic notes pertaining to the reading of that instruction by the trial judge. The instructions are also identical to the set of instructions, marked "given," contained in the common law record, except that they do not contain the "given" or "IPI" notations.

The instructions which were taken to the jury room were part of the proposed supplemental record with which the State sought leave to supplement the record in the appellate court and in this court. As explained above, the appellate court denied the State's motion for leave to supplement the record. Thus, the instructions were not a part of the official record on appeal when leave to appeal to this court was granted.

The State's motion for leave to supplement the record filed in this court was drafted in the alternative. The motion requested either leave to supplement the record or to remand to the trial court for a hearing pursuant to Rule 329 (87 Ill. 2d R. 329). A hearing pursuant to Rule 329 being the proper way to correct a mistake in the record, we remanded the cause to the trial court. (See *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364.) Although by remanding the cause the State's motion was granted "in part," we did not specifically deny the portion of the motion requesting leave to supplement the record. The instructions are pertinent to the issues on appeal and thus should have been included in the record when the defendant first appealed to the appellate court. (See 87 Ill. 2d R. 323.) The proposed sup-

plemental record which contains the instructions was certified by the circuit clerk of Cook County and sent to the appellate court. The proposed supplemental record was thus forwarded to the clerk of this court and has since been in her custody. Pursuant to our Rule 366(a)(3) (87 Ill. 2d R. 366(a)(3)), the written instructions contained in the proposed supplemental record are made a part of the record on appeal in this case.

Again, given all of these facts we are convinced that the trial court was correct in determining that there was a mistake in the original transcript of proceedings. The corrected transcript of proceedings states that the trial judge orally instructed the jury:

"To sustain the charge of attempt, the State must prove the following propositions:

\* \* \*

*Third:* That the defendant did not act under compulsion."

This instruction is a correct statement of the law and thus no error occurred in instructing the jury as to the attempted-armed-robbery charge.

Defendant contends that fundamental fairness demands that the appeal be decided on the original transcript of proceedings because of the untimeliness of the State's efforts to correct the record. Although we agree that the State should have realized the error sooner through better communication between its trial and appellate divisions, we do not agree that the failure to realize the error sooner should be fatal to its attempts to correct the error. Rule 329 provides:

"Material omissions or inaccuracies or improper authentication may be corrected \* \* \* by the trial court, either before or after the record is transmitted to the reviewing court \* \* \*." (87 Ill. 2d R. 329.)

Furthermore, fundamental fairness demands that the appeal be decided on the basis of the proceedings as they

actually occurred in the trial court. Fundamental fairness does not demand that a defendant should be able to take advantage of a court reporter's error to escape conviction.

The judgment of the appellate court is affirmed insofar as it directed the circuit court to impose sentence on defendant's conspiracy conviction. The judgment of the appellate court is otherwise reversed. The judgment of the circuit court of Cook County is affirmed as to the attempted-armed-robbery conviction and sentence, and the cause is remanded to the circuit court for imposition of sentence on the conspiracy conviction.

*Appellate court affirmed in part and reversed in part; circuit court affirmed; cause remanded, with directions.*