**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220488-U

Order filed October 1, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-22-0488 |
| v. | ) | Circuit No. 08-CF-732 |
| | ) | |
| REGINALD CHANDLER-MARTIN, | ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court erred in dismissing defendant's postconviction petition at the second stage of proceedings where defendant made a substantial showing of a constitutional violation.

¶ 2    Defendant, Reginald Chandler-Martin, appeals from the second-stage dismissal of his postconviction petition. Defendant argues the Will County circuit court erred in dismissing his petition because he made a substantial showing of a constitutional violation, namely, ineffective assistance of counsel, which warrants a third-stage evidentiary hearing. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4          In April 2008, defendant and his codefendants entered the victim's home and demanded drugs and money. The victim was shot and died from the gunshot wound. Defendant admitted to the police that he was involved in the robbery but stated his gun was not loaded. Defendant stated his codefendant had a loaded gun and fired it. They fled the scene, and defendant did not learn until later that the victim had been shot. Defendant stated he intended to rob the victim and thought no one would get hurt. A jury found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(2) (West 2008)) and home invasion (*id.* § 12-11(a)(3)). During the sentencing hearing, defense counsel argued defendant was not eligible for consecutive sentences. The court sentenced defendant to consecutive terms of 31 and 8 years' imprisonment, respectively. Defendant filed a direct appeal challenging the court's ruling on his motion to suppress, and this court affirmed, holding any error in admitting defendant's statements was harmless because it was cumulative of other properly admitted statements. *People v. Chandler-Martin*, 2012 IL App (3d) 100734-U, ¶ 17.

¶ 5          In April 2013, defendant filed a *pro se* postconviction petition. Defendant alleged that the circuit court's oral jury instruction improperly instructed the jury that it could find him guilty if *even one* of the elements of the offense had been proven beyond a reasonable doubt. Defendant alleged his appellate counsel was ineffective for failing to raise this issue. The court summarily dismissed the petition, and defendant appealed. This court reversed, holding defendant stated the gist of a claim of ineffective assistance of counsel, and remanded for second-stage proceedings. *People v. Chandler-Martin*, 2015 IL App (3d) 130407-U, ¶ 18.

¶ 6          On remand, the circuit court appointed counsel. In December 2019, counsel filed an amended postconviction petition. Among other things, counsel reasserted the claim of ineffective assistance of appellate counsel relating to the court's erroneous oral jury instruction. Counsel also

raised a new claim asserting defendant would have accepted the State's plea offer or further negotiated had his trial counsel properly admonished him as to his eligibility for consecutive sentences. Defendant's affidavit provided he was never made aware of his eligibility for consecutive sentences, the State's plea offer was for a sentence of 38 years' imprisonment (one year less than the cumulative sentence he received), and had he known about the possibility of consecutive sentences, he would have accepted the State's plea offer.

¶ 7       The State filed a motion to supplement the record with the court reporter's affidavit of a transcription error. In it, the court reporter asserted that, upon review of her notes, she discovered the report of proceedings contained an error. She asserted the transcription of the court's oral instruction should have provided that the jury needed to find *each one* of the elements of the offense rather than *even one* of the elements of the offense. After considering the affidavit, the court stated it was going to "allow a pseudo third stage hearing" whereby the court reporter would be brought in to testify. Neither party was satisfied with this resolution. The State noted the court reporter had moved out of state and defendant argued this procedure was improper at the second stage of postconviction proceedings. The court continued the matter.

¶ 8       Thereafter, the State filed a motion to dismiss. As to the jury instruction issue, the State argued any error was harmless, the evidence of guilt was overwhelming, and the court reporter's affidavit alone was sufficient to demonstrate and correct the transcription error. Regarding defendant's argument about the alleged guilty plea offer, the State argued defendant's claim that the State offered him a sentence of 38 years' imprisonment was self-serving and without corroboration, the alleged guilty plea offer was for only one year less than the cumulative sentence he received, and there was nothing to show that the alleged offer was made or trial counsel misinformed defendant about consecutive sentencing.

3

¶ 9 The matter proceeded to a hearing. The court noted "there's a lot of issues that quite frankly at this stage of the proceedings, for lack of a better term or phrase, the ship has sailed." The court explained it could not find that defendant's claims would rise to the level necessitating an evidentiary hearing or answer from the State. Therefore, the court granted the State's motion to dismiss. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11 On appeal, defendant argues the circuit court erred as a matter of law when it dismissed his petition because he made a substantial showing of a constitutional violation. Therefore, he argues, his petition should advance to a third-stage evidentiary hearing.

¶ 12 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage proceeding through which a criminal defendant may challenge a conviction by alleging it was the result of a violation of his constitutional rights. *People v. Cotto*, 2016 IL 119006, ¶ 26. Here, the circuit court dismissed defendant's postconviction petition at the second stage. During the second stage, the court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 10. In making this determination, the court must not engage in fact-finding or credibility determinations and take as true all well-pleaded facts that are not positively rebutted by the original trial record. *People v. Domagala*, 2013 IL 113688, ¶ 35. "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. We review the circuit court's second-stage dismissal of a postconviction petition *de novo*. *Id.*

¶ 13 Here, defendant's claimed constitutional violation arises from allegations of ineffective assistance of counsel. The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. In determining whether defendant was denied effective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). Therefore, failure to establish either prong of this test will be fatal to the claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

¶ 14                                             A. Jury Instructions

¶ 15 Defendant's first claim of ineffective assistance is based on appellate counsel's failure to challenge the court's erroneous oral jury instruction. Defendant argues he made a substantial showing of a constitutional violation and a third-stage evidentiary hearing is necessary due to the apparent conflict between the jury instructions appearing of record and the report of proceedings. The State asks this court to remand the matter to the circuit court to hold an evidentiary hearing pursuant to Illinois Supreme Court Rule 329 (eff. July 1, 2017) while retaining jurisdiction. The State presents no argument as to the merits of defendant's claim at this stage in the proceedings. Thus, the State seemingly agrees an evidentiary hearing, albeit of a different nature, is necessary to resolve defendant's claim. We agree with defendant and conclude the appropriate procedure under these circumstances is to reverse and remand for a third-stage evidentiary hearing to resolve this factual dispute. "Such is the point of [a third-stage] evidentiary hearing at which live testimony

5

can be presented and credibility determinations can be made." *People v. Brooks*, 2021 IL App (4th) 200573, ¶ 62.

¶ 16    On remand, the court should consider that "a party may not prove an inaccuracy in the record merely by presenting oral testimony." *People v. Allen*, 109 Ill. 2d 177, 184 (1985). "Rather, the inaccuracy must be proved by the production of some note or memorandum from the records or quasi-records of the court, or by the judge's minutes, or by the papers on file in the cause." (Internal quotation marks omitted.) *Id.* Further, "when there is a conflict between the common law record and the report of proceedings the court should resolve the conflict by looking at the record as a whole." *Id.* Should the court find the report of proceedings contains a transcription error, it should provide a written order with the detailed correction.

¶ 17                              B. Rejected Plea Offer

¶ 18    Defendant's second claim of ineffective assistance is based on his allegation that his trial counsel failed to inform him that he was eligible for consecutive sentencing, and had counsel properly informed him, he would have accepted the State's plea offer. Defendant argues he made a substantial showing of this constitutional violation, which warrants third-stage proceedings. Alternatively, defendant argues, if this court concludes postconviction counsel provided unreasonable assistance by failing to sufficiently plead this claim per Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), we should remand for further second-stage proceedings.

¶ 19    The sixth amendment requires that defense counsel consult with the defendant on all major decisions. *People v. Smith*, 268 Ill. App. 3d 574, 579 (1994). This requirement is codified in the Illinois Rules of Professional Conduct Rule 1.4(b), providing that counsel has a duty to inform the defendant of important matters related to the case and explain them to the extent reasonably necessary for the defendant to make informed decisions regarding the representation. Ill. R. Prof'l

6

Conduct (2010) R. 1.4(b) (eff. Jan. 1, 2010). While defense counsel has the authority to make many decisions as a matter of trial strategy, the decision as to whether to plead guilty belongs to the defendant. *People v. Medina*, 221 Ill. 2d 394, 403 (2006). However, counsel nonetheless has a duty to aid the defendant in making an informed decision as to whether to plead guilty. *People v. Mendez*, 336 Ill. App. 3d 935, 939 (2003).

¶ 20 In this case, defendant's postconviction petition sufficiently demonstrated that trial counsel's performance was deficient for failing to consult defendant as to his eligibility for consecutive sentencing, which prevented him from making an informed decision as to whether to plead guilty. Defendant bolsters this claim by pointing to counsel's argument during sentencing, which shows counsel believed consecutive sentencing did not apply.

¶ 21 Defendant must also demonstrate that he was prejudiced by counsel's deficient performance. In cases involving rejected plea offers, the defendant must show that (1) he would have accepted the plea offer but for counsel's deficient advice, (2) the plea would have been entered without the State cancelling it, (3) the circuit court would have accepted the plea deal, and (4) the result of the criminal process would have been more favorable by plea. *People v. Nicholson*, 2021 IL App (3d) 180010, ¶ 19. Here, the State argues defendant failed to demonstrate the first and fourth factors to support his claim of prejudice.

¶ 22 As to the first factor, defendant's affidavit provided, had he known of his eligibility for consecutive sentences, he would have accepted the State's plea offer for a sentence less than the one he received following trial. There is nothing else defendant could provide to support his claim, as all supporting evidence lies outside of the original trial record. Specifically, the "[f]ailure to attach independent corroborating documentation or explain its absence may, nonetheless, be excused where the petition contains facts sufficient to infer that the only affidavit the defendant

7

could have furnished, other than his own sworn statement, was that of his attorney." *People v. Hall*, 217 Ill. 2d 324, 333 (2005).

¶ 23   The State argues defendant rejected the State's plea offer because he believed he was innocent or that the evidence was insufficient to convict him—not because of counsel's alleged deficient performance.We are unpersuaded by the State's argument as the facts of the instant case are far different from those where the defendant clearly and expressly professed his innocence and indicated a desire for trial on many occasions. See *People v. Hale*, 2013 IL 113140, ¶ 26. In other words, defendant's allegation that he would have accepted the plea offer but for counsel's deficient performance has not been positively rebutted by the record. See *Domagala*, 2013 IL 113688, ¶ 35. Moreover, it is not until the third-stage evidentiary hearing, where defendant may testify to the contents of his affidavit and other evidence may be presented, that the court can make a determination regarding the credibility of defendant's claim. See *Nicholson*, 2021 IL App (3d) 180010, ¶ 23 (holding, based on the defendant's testimony and defense counsel's testimony presented at the third-stage evidentiary hearing, defendant successfully demonstrated he would have accepted the plea offer but for counsel's advice).

¶ 24   Last, we consider whether defendant demonstrated prejudice by showing the result of the criminal process would have been more favorable if resolved by plea. The parties dispute whether defendant actually received a lower effective sentence than the sentence offered as part of the plea agreement due to truth-in-sentencing provisions. However, the terms of the plea, such as which charge(s) defendant would have entered a plea of guilty, are not part of the original record and it is impossible to make this prejudice determination without engaging in speculation. This dispute can only be resolved by the presentation and consideration of evidence at a third-stage evidentiary hearing. See, *e.g.*, *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006) (holding that the third stage is

8

when the circuit court makes fact-finding and witness credibility determinations). Thus, we conclude defendant made a substantial showing of a constitutional violation and reverse and remand for a third-stage evidentiary hearing on this claim. Accordingly, we need not address defendant's alternative argument.

¶ 25 Therefore, the circuit court erred as a matter of law when it dismissed defendant's postconviction petition. We remand for a third-stage evidentiary hearing as to both of defendants claims and for the court to correct the record, as necessary.

¶ 26                                             III. CONCLUSION

¶ 27 The judgment of the circuit court of Will County is reversed and remanded for further proceedings consistent with this order.

¶ 28 Reversed and remanded.