(No. 59698.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES HENRY THURMAN, Appellee.

*Opinion filed November 30, 1984.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Michael E. Shabat and Maureen A. Harton, Assistant State's Attorneys, of counsel), for the People.

Marshall A. Levin and Robert E. Senechalle, Jr., of Chicago (Senechalle & Murray, P.C., of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Charles Henry Thurman, was tried before a jury in the circuit court of Cook County on charges of murder, voluntary manslaughter, involuntary manslaughter, and armed violence. The charges stemmed from a shooting incident on October 3, 1981, outside a tavern known as Big C's in East Chicago Heights. Defendant was the owner and manager of the tavern, and Opheus Beck, the victim, was a customer. Beck had caused a number of disturbances in the tavern on the night of the shooting, and was asked to leave by defendant. Beck complied but returned a short time later and began fighting with the other customers. Defendant testified that it was then necessary to physically remove Beck from the premises. Once outside, Beck began shouting obscenities at defendant, threatening to kill him and blow up the building. Defendant testified that he had turned to go back into the tavern when Beck jumped on top of him. Defendant then pulled out a gun and, he testified, accidentally pulled the trigger. The bullet entered Beck's forehead and caused his death.

Charles Small, the deceased's cousin, and Rufus Nelson, eyewitnesses to the shooting, essentially corroborated defendant's allegations that Beck was causing trouble in the tavern and threatened to blow up the building. However, both witnesses denied that Beck attacked defendant, testifying instead that defendant drew his gun and shot Beck without physical provocation.

At the close of the evidence the jury received definitional and issues instructions for each offense charged. The issues instructions for murder and voluntary man-

slaughter informed the jury that to find defendant guilty the State had to prove that defendant acted without lawful justification. The issues instruction for involuntary manslaughter did not contain similar language. Defendant was found not guilty of the murder, voluntary manslaughter, and armed violence based on voluntary-manslaughter charges, and guilty of the counts charging involuntary manslaughter and armed violence predicated on involuntary manslaughter. He was sentenced to 13 years' imprisonment for the armed violence.

The appellate court concluded that omission of the lawful-justification language from the issues instruction on the involuntary-manslaughter charge constituted reversible error and ordered a new trial on both the involuntary-manslaughter and armed-violence counts. (120 Ill. App. 3d 975.) We allowed the State's petition for leave to appeal (87 Ill. 2d R. 315).

The State argues initially that the appellate court erroneously refused to apply the waiver doctrine to defendant's claim since the adequacy of the jury instructions was neither questioned at trial nor raised in defendant's post-trial motion. Generally, failure to object at trial to an error in jury instructions waives the issue for appeal. (*People v. Berry* (1984), 99 Ill. 2d 499, 503; *People v. Huckstead* (1982), 91 Ill. 2d 536, 543; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180; *People v. Roberts* (1979), 75 Ill. 2d 1, 14.) Likewise, issues not properly raised in a post-trial motion will ordinarily not be reviewed. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 543; *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181; *People v. Foster* (1979), 76 Ill. 2d 365, 380.) The waiver rule is not absolute, however. Substantial defects in jury instructions in criminal cases may be noticed despite failure to make a timely objection thereto if the interests of justice require (87 Ill. 2d R. 451(c); *People v. Huckstead* (1982), 91 Ill. 2d 536, 544.) The exception will be invoked

to correct grave errors, or in cases so close factually that fundamental fairness requires that the jury be properly instructed. (*People v. Berry* (1984), 99 Ill. 2d 499, 505; *People v. Huckstead* (1982), 91 Ill. 2d 536, 544.) For the reasons which follow we conclude that the instructional error in this case deprived defendant of a fundamentally fair trial and justified the appellate court's refusal to apply the waiver doctrine.

The State contends that it was not error to omit the lawful-justification language from the issues instruction on the charge of involuntary manslaughter since the mental state of recklessness inherent in the definition of involuntary manslaughter is legally inconsistent with the defense of self-defense, which presupposes an intent to kill. (See *People v. Hunter* (1937), 365 Ill. 618; *People v. Davis* (1885), 114 Ill. 86; *People v. Johnson* (1964), 54 Ill. App. 2d 27.) It reasons that one who has indeed acted in self-defense could not be convicted of involuntary manslaughter despite the absence of a self-defense instruction, since the mental state of recklessness would not be present. The State concludes that a jury's finding of guilty on an involuntary-manslaughter charge is in fact a finding of recklessness and, therefore, an implicit rejection of any self-defense theory.

The State's analysis is unconvincing. While it appears to acknowledge that defendant could not be found guilty of any form of homicide if he actually acted in self-defense, it assumes the jurors were adequately informed of that fact by the inclusion of the "without lawful justification" language in the instruction defining involuntary manslaughter, despite the omission of that language or its equivalent from the issues instruction. The State assumes, too, that jurors can easily and invariably distinguish between reckless and intentional conduct. In the case where the accused's mental state is difficult to discern, however, a juror not informed by the issues in-

struction of the lawful-justification defense might not appreciate the need to attempt the subtle conceptual distinctions called for by the State. In such instances it seems more likely that uninformed jurors will return a verdict of guilty than would a jury which is properly instructed as to the affirmative defense. For this reason the majority of our appellate court decisions have required inclusion of the lawful-justification phraseology in the issues instruction for involuntary manslaughter where evidence of self-defense is present. (*People v. Wells* (1982), 110 Ill. App. 3d 700, 707-08; *People v. Ortiz* (1978), 65 Ill. App. 3d 525, 532; *People v. Singleton* (1976), 41 Ill. App. 3d 665, 669; but see *People v. Suerth* (1981), 97 Ill. App. 3d 1005.) The fact the definitional instruction for involuntary manslaughter may include the phrase "without lawful justification" (Illinois Pattern Jury Instruction, Criminal, No. 7.07 (2d ed. 1981)) does not, in our judgment, remedy the deficiency, for unless similar language appears in the issues instruction for that offense a prudent juror could easily conclude that the absence of self-defense need not be found before returning a guilty verdict. Nor is the result urged by the State supported by the cases upon which it relies, as those cases simply hold that no involuntary-manslaughter instruction should be given in the absence of proof of recklessness. (*People v. Hunter* (1937), 365 Ill. 618; *People v. Davis* (1885), 114 Ill. 86; *People v. DeMumbree* (1981), 98 Ill. App. 3d 22; *People v. Adams* (1980), 91 Ill. App. 3d 1059; *People v. Mitchell* (1973), 12 Ill. App. 3d 960; *People v. Johnson* (1964), 54 Ill. App. 2d 27.) We accordingly hold that where, as here, there is evidence of both recklessness and self-defense in a case involving an involuntary-manslaughter count, the issues instruction for that offense must include the lawful-justification phraseology. The failure to so instruct this jury constituted reversible error.

Further proceedings must, however, be limited to the charge of involuntary manslaughter since the offense of armed violence can no longer be predicated on the commission of involuntary manslaughter. *People v. Fernetti* (1984), 104 Ill. 2d 19.

The State's request for fees and costs is denied as it has not prevailed in this appeal. *People v. Nicholls* (1978), 71 Ill. 2d 166, 174.

For the foregoing reasons the judgment of the appellate court is affirmed insofar as it reversed and remanded for a new trial on the charge of involuntary manslaughter. That portion of the appellate court judgment remanding for a new trial on the charge of armed violence is reversed. The judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial on the charge of involuntary manslaughter.

*Appellate court affirmed in
part and reversed in part;
circuit court reversed;
cause remanded.*