THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HAROLD LONDON, Defendant-Appellant.

First District (2nd Division)   No. 1—92—4252

Opinion filed December 7, 1993.

Rita A. Fry, Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, Dori K. Leo, and William John Healy, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Harold London, appeals his jury conviction of armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2 (now 720 ILCS 5/18—2 (West 1992))), for which he was sentenced to 10 years in custody of the Department of Corrections. Defendant raises as issues for review whether (1) his conviction should be reversed because the prosecutor asked the jurors to deliberate using their personal knowledge of the crime scene; (2) the prosecutor's questions at trial and comments during closing argument denied him a fair trial; (3) the victim's own testimony established that his conviction is based upon a mistaken identification; and (4) the circuit court committed plain error in conducting *voir dire*.

On October 21, 1991, Ronald Sutton, driving home from work, exited the Eisenhower Expressway at Western and Congress. As Sutton approached the corner stoplight, which was turning red, he saw defendant, a woman, and another man walking down Western, on the passenger side of his car, about 35 to 45 feet away. When Sutton stopped at the stoplight, the three people separated. Defendant stood by the curb, the woman went directly in front of the car, and the other man approached the driver's side of the car. Defendant looked up and down Western as he held a gun at his side. Defendant had facial hair and was wearing black jeans and a gray coat. He was a black man with brown eyes and black hair, weighing 170 pounds, with a medium complexion. The woman also held a gun. The other man knocked on Sutton's window and said, "Give me your wallet and your car phone, and nobody will get hurt." Sutton complied. Afterwards, the three offenders ran south on Western. Sutton drove home and called the police.

The next night Sutton left work and was driving a different car on his way to a restaurant near Madison and Pulaski when he saw two of the people who had robbed him the night before, defendant and the woman. To get a better look, Sutton drove by them a second time and then flagged down a nearby police officer.

Officer Theresa Giffin testified that on October 22, 1991, Sutton stopped her and told her that he observed two people on Madison who had robbed him. Sutton rode in the back of the squad car to Madison, where he pointed out defendant and a woman as his offenders. Giffin arrested them. Sutton was "very positive" that they were two of the individuals who had robbed him. No gun, wallet or car phone was ever recovered.

Defendant presented no evidence.

I

■ Defendant initially contends that his conviction should be reversed because the prosecutor improperly asked the jurors to deliberate using their personal knowledge of the crime scene. He relies on the following comments made by the prosecutor during closing argument and rebuttal: "The expressway is nearby. Any of you who are familiar with the intersection know the lighting conditions there." And, "The Eisenhower Expressway, it's well lit. You know what it's like when you drive down there."

Defendant correctly notes that any acquisition of information or evidence outside of open court and outside of the presence of defendant is prejudicial error. (*People v. Rivers* (1951), 410 Ill. 410, 416-19, 102 N.E.2d 303.) He analogizes his case with *Rivers* and *People v. Holmes* (1978), 69 Ill. 2d 507, 372 N.E.2d 656.

Defendant's analogies do not persuade. In *Rivers*, the supreme court concluded that remarks made by the trial judge indicated that he conducted a private investigation of the case during a two-month recess. (*Rivers*, 410 Ill. at 416-19.) In *Holmes*, several jurors conducted a private investigation of the case by going to a shoe store and inspecting the heels of shoes to ascertain whether defendant's shoe matched a print found at the crime scene. (*Holmes*, 69 Ill. 2d at 509-10.) Both resulted in prejudicial error. (*Rivers*, 410 Ill. at 419; *Holmes*, 69 Ill. 2d at 519.) Here, the prosecutor in closing arguments simply referred to the jury's familiarity with an intersection's lighting conditions. Unlike in *Rivers* and *Holmes*, there was no evidence of an actual out-of-court investigation by the trier of fact. Defendant's argument fails.

## II

Defendant asserts he was denied a fair trial by the prosecutor's improper questioning at trial and comments in closing argument. He claims the prosecutor argued facts not in evidence and asked the jury to apply its own personal experiences to prove essential elements of the offense.

■ Defendant first challenges the prosecutor's remarks regarding the jury's familiarity with the intersection's lighting conditions, set forth *supra*. The State responds that these comments were proper, as the prosecutor merely referred the jury to lighting conditions at an intersection with which the jurors may have been personally familiar.

Assuming error, we find it to be harmless. To merit reversal, the improper remarks must result in substantial prejudice to defendant or be a material factor in defendant's conviction. (*People v. Scott* (1990), 194 Ill. App. 3d 634, 645, 551 N.E.2d 288.) Here, clear evidence of the lighting conditions was presented at trial: Sutton testified to the placement of nearby streetlights and described the intersection as "very well lighted." Consequently, the reference to the jury's familiarity with the lighting conditions is, at best, cumulative to the evidence presented to the jury. As such, the remarks were not a material factor in defendant's conviction.

In addition, any improper remarks constituting alleged prejudice can be cured by the jury instructions and court admonitions. (*People v. Terry* (1984), 99 Ill. 2d 508, 517, 460 N.E.2d 746.) In this case, the jury was instructed "to determine the facts and to determine them only from the evidence in this case," and that "neither opening statements nor closing arguments are evidence, and any statement or argument made by the attorneys which is not based on the evi-

dence should be disregarded." Defendant objected to both remarks. Each time, the court cautioned the prosecutor to refrain from asking the jurors to call upon their own personal knowledge. Prejudice to defendant from any error was cured.

■ Defendant next alleges that reversible error resulted from the prosecutor's comment on concerted action. The circuit court sustained defendant's objection to the remark.

This claim of error fails. Defendant has cited no authority which renders the comment improper. Were we to find error, we would deem it cured by the jury instructions and court admonishments. (See *Terry*, 99 Ill. 2d at 517; *Scott*, 194 Ill. App. 3d at 645.) The jurors were properly instructed on the law of accountability; they were "to determine the facts and to determine them only from the evidence in this case"; closing arguments are not evidence; and they "should disregard questions *** to which objections are sustained." Also, the court sustained defendant's immediate objection to the remark.

■ Third, defendant challenges the following comment, which the prosecutor made during closing argument: "[Sutton] had people with guns on him and, yes, he was terrified, just like you and I would be terrified." Defendant objected, claiming it is improper to put the jurors "in the shoes" of the victim. The court sustained the objection.

The State claims this remark was proper because defense counsel invited this response by asking Sutton about the reactions of *others* in the same situation. We disagree. The record reveals that defense counsel only questioned Sutton about his own reactions, not about others' reactions.

Nevertheless, any error here was cured by the jury instructions and court admonitions. (See *Terry*, 99 Ill. 2d at 517; *Scott*, 194 Ill. App. 3d at 645.) The jury was instructed properly, as earlier noted. Additionally, the court sustained defendant's immediate objection to the remark.

■ Fourth, defendant urges that the prosecutor's analogy of this case to a bank robbery was improper because it was based upon facts not in evidence. Using such analogy, the prosecutor explained the law of accountability to the jury in closing argument. Defendant's objection was sustained.

We have examined the prosecutor's analogy and find it proper as an example. A prosecutor properly may give examples illustrating the application of the law to the facts, and where the prosecutor correctly states the law, there can be no prejudice to the opposing party. *People v. Steffens* (1985), 131 Ill. App. 3d 141, 151, 475 N.E.2d 606.

■ Defendant lastly asserts the prosecutor insinuated that defendant

threatened Sutton on the day of trial, relying on the following colloquy between the prosecutor and Sutton:

"Q. Now, you were standing out in the hall here before, is that correct?

A. Yes.

Q. And there was Officer Giffin that was out in the hall?

A. Yes, she was.

Q. There were some other people that were out in the hall, too, is that correct?

A. Yes.

Q. Did you have a problem outside?

A. Somewhat, yes.

Q. And was something said to you?

A. Yes.

[DEFENSE COUNSEL]: I would object and ask for a sidebar.

THE COURT: Yeah, let me have a sidebar before we go anyplace." After the sidebar, the court instructed the jury to disregard the last two questions.

It is error for the prosecutor to propound questions which imply the existence of facts that cannot be supported by credible evidence. (*People v. Nuccio* (1969), 43 Ill. 2d 375, 393-96, 253 N.E.2d 353.) This includes questioning a witness in a manner which implies defendant had made threats against the witness, when the record reveals such implication is groundless. (*People v. Dace* (1983), 114 Ill. App. 3d 908, 920, 449 N.E.2d 1031, *aff'd* (1984), 104 Ill. 2d 96, 470 N.E.2d 993, *overruled on other grounds by People v. Schmidt* (1988), 126 Ill. 2d 179, 533 N.E.2d 898.) Prejudice to defendant from such improper conduct can be blunted by proper ruling and instruction. *People v. Barnett* (1975), 34 Ill. App. 3d 174, 178, 340 N.E.2d 116.

Here, a careful examination of the colloquy in question reveals that the prosecutor made no statement, express or implied, that defendant threatened Sutton. Rather, the jury only heard the prosecutor ask and Sutton testify that Sutton was out in the hall with "some other people" and had "a problem." The court sustained defendant's immediate objection to the questioning and instructed the jury to disregard it. We find that any possible harm to defendant was sufficiently blunted. See *Barnett*, 34 Ill. App. 3d at 178.

In addition, we reject defendant's claim that the prosecutor's questioning was "groundless" because the State had no information whatsoever to elicit from Sutton about a threat he received from defendant or anyone else. The record shows the contrary. Out of the presence of the jury, the court heard testimony that defendant's mother had approached Sutton and accused him of committing

perjury. Sutton testified that he did not perceive this as a threat. Defendant's sister then told the mother, "I should kick his ass." She intended for Sutton to hear her.

No cumulative error resulted that requires a new trial.

## III

●7 Defendant insists Sutton's own testimony established that his conviction is based upon a mistaken identification. He points out that Sutton testified the armed robbery lasted no more than 45 seconds; during that time, he focused his attention on the woman in front of his car and the other man; defendant was 35 to 45 feet away from him; he was tired; and despite the distance, he claimed he could see that defendant had brown eyes. The State counters that it proved defendant guilty beyond a reasonable doubt based upon Sutton's credible testimony.

A positive identification by a single witness, who has ample opportunity for observation, is sufficient to support a conviction. (*People v. Johnson* (1986), 114 Ill. 2d 170, 189, 499 N.E.2d 1355.) In assessing identification testimony, the circumstances to be considered include the opportunity of the victim to view defendant at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of defendant, the level of certainty demonstrated by the victim at the identification confrontation, and the length of time between the crime and the identification confrontation. (*People v. Slim* (1989), 127 Ill. 2d 302, 307-08, 537 N.E.2d 317.) The sufficiency of identification evidence is a question for jurors, and a reviewing court will not set aside a conviction unless the evidence is so unsatisfactory as to raise a reasonable doubt as to defendant's guilt. *Johnson*, 114 Ill. 2d at 190.

Here, defendant was proved guilty beyond a reasonable doubt based upon Sutton's testimony. Sutton testified that he exited the Eisenhower Expressway at Western and Congress. The intersection was very well lighted. As Sutton approached the corner stoplight, which was turning red, he saw defendant, a woman, and another man walking down Western on the passenger side of his car about 35 to 45 feet away. When Sutton stopped at the stoplight, the three people separated. Defendant stood by the curb, the woman went directly in front of the car, and the other man approached the driver's side of the car. Sutton saw defendant looking up and down Western as he held a gun at his side. He was wearing black jeans and a gray coat. The incident lasted at least 45 seconds. This was ample opportunity for Sutton to observe defendant. Also, Sutton's initial description of defendant was accurate. He reported the offender to be a

black man with brown eyes, black hair, and a beard, weighing 170 pounds, with a medium complexion. Defendant fits this description almost perfectly, but weighs 150 pounds. Third, at the identification confrontation, Sutton was very positive that defendant was the perpetrator. The identification confrontation occurred only one day after the armed robbery, with Sutton viewing defendant and the woman on the street and then flagging down a nearby police officer to make the arrest. Last, despite defendant's claims, Sutton's testimony, including his identification of defendant, was unimpeached after cross-examination.

## IV

■ Defendant lastly claims the circuit court failed to make the proper inquiries in *voir dire* regarding jury bias, pursuant to *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062.

*Zehr* decided that jurors must know that a defendant is presumed innocent, is not required to present any evidence in his or her own behalf, and must be proved guilty beyond a reasonable doubt. (*Zehr*, 103 Ill. 2d at 477.) Accordingly, where a defendant tenders supplemental questions on these subjects to the court to ask prospective jurors during *voir dire*, the subject matter of the questions must be covered in the course of interrogation, but need not be precisely in the form submitted. *People v. Emerson* (1987), 122 Ill. 2d 411, 426-27, 522 N.E.2d 1109; *Zehr*, 103 Ill. 2d at 476-77.

In this case, the circuit court covered the required subjects at the commencement of *voir dire* when it addressed all prospective jurors as a group. It also questioned each veniremember whether he or she could be fair and impartial. These remarks probably do not constitute adequate inquiries under *Zehr* because no interrogation at all was made regarding the required subject matters. (See *People v. Williams* (1989), 185 Ill. App. 3d 840, 850, 541 N.E.2d 1175; *People v. Starks* (1988), 169 Ill. App. 3d 588, 595-99, 523 N.E.2d 983.) Nevertheless, here defendant did not request that the court question the veniremembers regarding the required subject matters, as in *Zehr*. He now asks this court to find plain error. Plain error is a narrow, limited exception to the general waiver rule; before plain error will be considered, it must be apparent from the record that a grave error affecting substantial rights was committed. (*People v. Thurman* (1984), 104 Ill. 2d 326, 329-30, 472 N.E.2d 414.) Plain error is properly applied only when the question of guilt is close and the outcome might have been affected significantly. (*People v. Sanders* (1983), 99 Ill. 2d 262, 273, 457 N.E.2d 1241.) Plain error did not result in this case. See *People v. Williams* (1991), 221 Ill. App. 3d 1061, 1067, 582

N.E.2d 1355 (rejecting plain error in *Zehr* context and collecting cases doing same).

For the foregoing reasons, defendant's conviction is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.