FIFTH DIVISION

                                                    June 27, 2003 

No. 1-01-2202

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the  

                                     )  Circuit Court of  

       Plaintiff-Appellee,           )  Cook County 

                                     )

       v.                            )

                                     )

CHRISTOPHER TISLEY,                  )  Honorable 

                                     )  Kenneth J. Wadas

       Defendant-Appellant.          )  Judge Presiding. 

JUSTICE QUINN delivered the opinion of the court: 

Following a jury trial, the defendant was found guilty of armed robbery and possession of a controlled substance.  He was sentenced to concurrent prison terms of 15 and 3 years, respectively defendant appeals his armed robbery conviction, arguing that he was denied a fair trial when the trial court improperly instructed the jury as to the law regarding identification testimony.  The defendant also contends that the trial court abused its discretion in sentencing the defendant to 15 years for armed robbery.  For the reasons that follow, we affirm the defendant's convictions and sentence.

BACKGROUND 

The victim, Jin Rong Mei, testified that on the evening of December 24, 1998, he was working as a delivery person for a restaurant named Jung Ho Cho.  At approximately 9:20 p.m., he made a delivery to a house at 6824 South Throop Street.  After making his delivery, he walked down the front steps to return to his vehicle.  As he walked down the steps, he observed two black males begin to  approach him.  He continued to walk to his vehicle, but the two stopped him before he could enter his vehicle.  The defendant stood facing the victim while the other offender stood behind the victim.  The defendant then stated to the victim, "you know what I want," and when the victim ignored him, defendant pulled out a handgun and struck the victim in the forehead.  After being struck, the victim handed the defendant the money he had from his previous deliveries.  Defendant then said that he should have more and struck him on the left side of the face with the gun.  The victim then handed him all the change he had in his pocket, and defendant told him to drive away. The victim immediately radioed the restaurant, where an employee called the police. The police arrived within two minutes  to the location of the robbery, and the victim met them there.  The victim described the offender as being about 20 years old, black, male, around 5 feet 5 inches to 5 feet 6 inches tall, weighing 170 to 200 pounds, and wearing a brown jacket with fur trim.

Among the police that responded to the call was Officer Andeverde, who arrived on the scene and began walking toward the victim, who was already with other officers.  As he approached, he noticed a parked car that had foggy windows.  Officer Andeverde approached the car and spoke with the defendant, who was seated in the car.  The defendant was wearing a brown leather coat with fur trim.  Officer Andeverde was proceeding toward the group of officers when he heard the description of the offender.  After hearing the description, he turned around and saw defendant exit the car, place the jacket inside, and run to 6813 South Throop Street.  Officer Andeverde, along with other officers, pursued defendant into the house where they apprehended him.  The police took the defendant and four other black males from inside the house and brought them outside and lined them up.  The victim viewed the five men and identified defendant as the one who robbed him.  The defendant was 21 years old, was 5 feet 4 inches tall and weighed 180 pounds.  Both men were then placed under arrest.  The officers then returned to the car defendant had exited and looked inside.  They found the brown leather jacket worn by defendant and lifted it up.  They found two handguns underneath the jacket.  At trial, the victim identified one of these guns as looking like the gun used in the armed robbery.  Defendant had $100 in cash in his pants pocket.  The police also recovered from the jacket a $20 bill along with about $5 in loose change, and, hidden in the cuff, they recovered 35 individual plastic bags of cocaine.

At trial, a jury instructions conference was held. Illinois Pattern Jury Instructions, Criminal, No. 3.15 (3d ed. 1992) (hereinafter IPI Criminal 3d No. 3.15), regarding witness identification testimony, was accepted without objection.  IPI Criminal 3d No. 3.15 in the form it was presented to the jury as People's instruction number 9 is as follows:

"When you weigh the identification testimony 

of a witness, you should consider all the 

facts and circumstances in evidence, including but 

not limited to, the following:

The opportunity the witness had to view the 

Offender at the time of the offense.

     Or

The witness's degree of attention at the time 

of the offense.

Or

The witness's earlier description of the offender

                              Or 

The Level of certainty shown by the witness 

when confronting defendant 

Or 

The length of time between the offense 

and the identification confrontation."

On appeal, defendant contends that this jury instruction misstated the law and confused the jury, thereby preventing defendant from receiving a fair trial.  Defendant also contends that the trial court abused its discretion in sentencing him to 15 years.

   ANALYSIS

     IPI Criminal 3d No. 3.15 

Defendant first contends the trial court misstated the law by leaving the connector "or" in between the five factors listed in IPI Criminal 3d No. 3.15.  Defendant's trial counsel did not object to the instruction as given: (1) during the instructions conference; (2) when it was read to the jury; (3) when it was sent to the jury room; or (4) in defendant's motion for new trial.  On appeal, defendant admits that under these circumstances, the alleged error was not properly preserved for review, but he asks this court to review it under plain error.

Supreme Court Rule 451 (134 Ill. 2d R. 451) addresses jury instructions in criminal  cases.  Rule 451(a) requires trial courts to use the applicable pattern criminal instruction unless the court determines that the instruction does not accurately state the law. 134 Ill. 2d R. 451(a). 

Rule 451(c) provides in pertinent part, "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require."  134 Ill. 2d R. 451(c).

Similarly, Supreme Court Rule 615 (a) provides: 

"Any error, defect, irregularity or variance 

which does not affect substantial rights shall be 

disregarded.  Plain errors or defects affecting 

substantial rights may be noticed although they 

were not brought to the attention of the trial 

court." 134 Ill. 2d R. 615(a).  Our supreme court 

has held that Rule 451(c) offers a remedy for "grave 

errors," which parallels Rule 651(a)'s remedy for 

plain errors, and they are construed "identically." 

People v. Keene
, 169 Ill. 2d 1, 31-32 (1995).

While conceding that this issue may only be reviewed under a plain-error analysis, defendant relies on 
People v. Dennis
, 181 Ill. 2d 87 (1998), which directs that, in determining whether a defendant is entitled to a new trial due to a defective jury instruction, a court of review is to engage in a two-part analysis. First, the court is to determine "whether any error occurred-in other words, whether the instruction was correct."  
People v. Dennis
, 181 Ill. 2d at 95-96.  If the court finds error, the court must then determine "whether, in spite of that error, evidence of defendant's guilt was so clear and convincing as to render the error harmless beyond a reasonable doubt."  
People v. Dennis
, 181 Ill. 2d at 96.  In 
Dennis
, the defendant raised the issue of the erroneous jury instruction at trial.  Consequently, the supreme court properly considered the issue utilizing a harmless error analysis.  In the instant case, the defendant did not raise the issue of whether the jury instruction was erroneous at trial.  Consequently, the proper inquiry in this case is whether giving the instruction constituted plain error.

In 
People v. Crespo
, 203 Ill. 2d 335 (2001), our supreme court recently illuminated the significant differences between these two analyses: "in harmless-error analysis, the State must prove that the jury verdict would have been the same absent the error to avoid reversal, whereas under plain-error analysis, a defendant's convictions and sentence will stand unless the defendant shows the error was prejudicial."  
People v. Crespo
, 203 Ill. 2d at 347-48  citing 
United States v. Olano
, 507 U.S. 725, 734, 123 L. Ed. 508, 520, 113 S. Ct. 1770, 1778 (1993) and 
People v. Thurow
, 203 Ill. 2d 352, 363 (2003). 

The court also considered the United States Supreme Court's decision in 
United States v. Cotton
, 535 U.S. 625, 152 L. Ed. 2d 860, 122 S. Ct. 1781 (2002), which addressed how to apply a plain-error test.  In 
Crespo
, our supreme court adopted the reasoning of the Supreme Court in 
Cotton
, holding that an appellate court may correct an error not raised at trial only if there was (1) an "error," (2) that is "plain," and (3) the error affects "substantial rights."  
Crespo
, 203 Ill. 2d at 348. We find that the facts of the present case meet all three of these elements.  However, we may exercise our discretion to notice the forfeited error "'"only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."'"  
Cotton
, 535 U.S. at ____, 152 L. Ed. 2d at 868, 122 S. Ct. at 1785 [Citation.]  
Crespo
, 203 Ill. 2d at 348. 

We will first address whether the instruction given in this case was erroneous.

The defendant relies upon 
People v. Gonzalez
, 326 Ill. App. 3d 629 (2001), which held that leaving the word "or" between the five factors listed in IPI Criminal 3d No. 3.15 "misstated the law, was confusing and denied defendant the right to a fair trial."  
Gonzalez
, 326 Ill. App. 3d at 635.  In reaching this conclusion, the 
Gonzalez
 court relied upon the "User's Guide" to the fourth edition of the pattern instructions: 

"'IPI Fourth employs two conjunctive forms. The 

word "and" is used to indicate additional 

required language.  The word "or" is used

to separate possible alternatives.  A bracketed 

"or" ("[or]") is used when the user must choose 

between alternative paragraphs or propositions 

that may be given as part of the instruction 

when more than one alternative is applicable.  

(Emphasis added.) Illinois Pattern Jury 

Instructions, Criminal, User's Guide (4th ed. 

2000)."  
Gonzalez
, 326 Ill. App. 3d at 639.

Contrary to the 
Gonzalez
 court's characterization of this comment, this comment does not instruct the trial courts to strike the word "or" from IPI Criminal 3d No. 3.15.  (While 
Gonzalez
 cited IPI Criminal 4th, the third edition of the IPI was at issue in that case and here.  The pertinent language is identical.)  Further, in 
People v. Mercado
, 333 Ill. App. 3d 994, 999 (2002), a division of this court pointed out: "The Committee Note attached to IPI Criminal 3d No. 3.15 instructs the user to only '[g]ive numbered paragraphs that are supported by the evidence,' and '[t]he bracketed numbers are present solely for the guidance of court and counsel and should not be included in the instruction submitted to the jury.' IPI Criminal 3d No. 3.15, Committee Note."  If the IPI Committee wanted trial courts to leave out the word "or" in the instruction given to the jury, they could have said so, as they did with the bracketed numbers.  

The instruction given in the instant case mirrored exactly  IPI Criminal 3d No. 3.15.  The instruction also complied with the comments to IPI Criminal 3d No. 3.15, which required the court to leave out the bracketed number of the factors listed.  Indeed, the 
only
 section of the IPI that supports defendant's theory that it is error to leave in the bracketed "[or]" between the factors in IPI Criminal 3d No. 3.15 is sample set 27.02 (IPI Criminal 3d Sample Set 27.02, No. 3.15).  Supreme Court Rule 451(a) requires trial courts to use the applicable pattern criminal instruction unless the court determines that the instruction does not accurately state the law.  As the trial court gave the instruction as it was written in IPI Criminal 3d, this did not constitute error. 

Even if we agreed that giving the instruction was plain error that affected substantial rights, we could only exercise our discretion to notice this forfeited error if "'"the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."'"  
People v. Crespo
, 203 Ill. 2d at 348, quoting   

Cotton
, 535 U.S. at ____, 152 L. Ed. 2d at 868, 122 S. Ct. at 1785, 
Johnson
, 520 U.S. at 467, 137 L. Ed. 2d at 727, 117 S. Ct. at 1549.  In 
Crespo
, our supreme court considered whether the failure to have a jury decide whether a defendant's actions were brutal or heinous,  as required by 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct.  2348 (2000), "seriously affected the fairness, integrity or public reputation of judicial proceedings."  The supreme court held that  the defendant failed to show that the error was prejudicial.  
People v. Crespo
, 203 Ill. 2d at 348-49.    In the instant case, the defendant has utterly failed to show that he was prejudiced by the jury being given IPI Criminal 3d No. 3.15.  The first sentence of the instruction clearly states that all five factors listed are to be considered.  See 
People v. Mercado
, 333 Ill. App. 3d 994, 999 (2002). Defendant correctly points out that the State at one point in its closing argument did say that any one of the factors in IPI Criminal 3d No. 3.15 would be sufficient and the trial court immediately sustained defense counsel's objection to this remark.  The prosecutor then explained how all five factors had been met in this case.  The identification evidence in the instant case provided factual support for all five factors of IPI Criminal 3d No. 3.15.  In addition, the defendant was apprehended at the scene of the armed robbery within minutes of its occurrence. He was wearing clothing as described by the victim, he fit the physical description, he possessed two guns, one of which the victim identified, he had proceeds of the armed robbery on his person and he fled when the police arrived.  In light of this evidence, it cannot seriously be argued that leaving the word "or" in the instruction in this case seriously affected the " 'fairness, integrity or public reputation of judicial proceedings.' "  
People v. Crespo
, 203 Ill. 2d at 348, quoting 
Cotton
, 535 U.S. at ____, 152 L. Ed. 2d at 868, 122 S. Ct. at 1786.

The appellate court has considered the holding in 
People v. Gonzalez
,  326 Ill. App. 3d 629 (2001), in four reported cases.  All four of these cases held that giving IPI Criminal 3d No. 3.15 in the form used here was not reversible error. 
In 
People v. Furdge
, 332 Ill. App. 3d 1019, 1031-32 (2002), the court held that the issue of using disjunctive language in IPI Criminal 3d No. 3.15 had been waived and that the case did not merit review under a plain- error analysis.  The court further opined that even if the issue had not been waived, any error was harmless beyond a reasonable doubt.  In 
People v. Mercado
, 333 Ill. App. 994, 1000 (2002), the court held that the issue was waived, and irrespective of waiver, any error was harmless beyond a reasonable doubt.  In 
People v. Brookins
, 333 Ill. App. 3d 1076 (2002), the court held that giving IPI Criminal 3d No. 3.15, using disjunctive language, was harmless error.  In 
People v. Smith
, No. 1-01-2558 (April 28, 2003), the court held that this issue could not be raised in a successive postconviction petition because the petitioner could not satisfy the prejudice prong of the cause and prejudice test.  The court also held that the petitioner could not satisfy the cause requirement of the fundamental fairness test, citing 
People v. Davis
, 156 Ill. 2d 149, 158-59 (1993) (a claim of the denial of a constitutional right may not be raised for the first time on appeal).

For all of the foregoing reasons, we hold that giving IPI Criminal 3d No. 3.15 with disjunctive language was not error, and we also hold that when the issue is waived, as here, it is only reviewable under a plain-error analysis, as explained in 
People v. Crespo
, 203 Ill. 2d at 347.                     

  SENTENCING 

Defendant next argues that the trial court abused its  discretion in sentencing him to 15 years for armed robbery, his first violent felony.  Defendant filed a motion to reduce sentence which was denied.  Armed robbery (720 ILCS 5/18-2(West 1998)) is a Class X offense, for which a defendant may be sentenced from 6 to 30 years in prison (730 ILCS 5/5-8-1(a)(3)(West 1998)).  Defendant's sentence was within the statutory guidelines.  A sentence within the statutory guidelines will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense.  
People v. Fern
,  189 Ill. 2d 48, 54 (1999).

In the present case, the trial judge recited for the record all of the mitigating factors enumerated in section 5-5-3.1 of the Unified Code of Corrections (730 ILCS 5/5-5-3.1 (West 1998)) and how they applied to the defendant.  The court also noted defendant's prior felony conviction, the fact that the defendant caused serious harm when he pistol-whipped the victim, and the defendant's sentence was necessary to deter others from committing the same crime (in this case, robbing delivery people).

The trial court did not abuse its discretion in sentencing the defendant to 15 years in prison for armed robbery.

Affirmed.

CAMPBELL, P.J., concurs.

REID, J., dissents.    

JUSTICE REID, dissenting:

I dissent.  I believe this matter should be remanded for a new trial in order to protect the process, even though this defendant would 
very
 likely be found guilty when the case is re-tried.  While I understand that remanding the matter may seem to be a futile act, one that may only serve as instructive in terms of future cases with other defendants, I believe it is necessary because of the fundamental nature of the rights at stake when a body politic takes steps to deprive a citizen of his liberty.

Generally, a defendant waives any error contained in the jury instructions if he does not object or proffer alternative instructions at trial and fails to raise the issue in a posttrial motion.  
People v. Reddick
, 123 Ill. 2d 184, 198 (1988), citing 
People v. Thurman
, 104 Ill. 2d 326 (1984).  However, “[t]he plain error doctrine (134 Ill. 2d R. 615(a)) may be applied where the evidence is closely balanced or where the error is of such magnitude that it denied the accused a fair trial.”  
People v. Gonzalez
, 326 Ill. App. 3d 629, 635 (2001), quoting 
People v. Tisdel
, 316 Ill. App. 3d 1143, 1153 (2000).  “Plain error marked by fundamental [un]fairness, occurs only in situations which ‛reveal breakdowns in the adversary system,’ as distinguished from ‛typical trial mistakes. [Citation.]’”  
Gonzalez
, 326 Ill. App. 3d at 635, quoting 
People v. Keene
, 169 Ill. 2d 1, 17 (1995).  In other words, even in a case where the relative closeness of the evidence is not necessarily an issue, plain error review can still be proper where the asserted error is fundamental to the integrity to the judicial process.  
See
 
Gonzalez
, 326 Ill. App. 3d at  635, quoting 
Keene
, 169 Ill. 2d at 17. 

Here no objection was made to the written form of the jury instruction, merely how it was used by the State during closing arguments.  When the error was made, Tisley raised an objection that was sustained with comment from the trial court that the evaluation of an identification is for the jury to make.  There is no question that there was error in the form of the jury instruction presented.  The error was compounded when the State improperly commented during closing argument, incorrectly informing the jury that they needed to only find one of the identification factors.  Case law clearly states that 
all
 five factors are to be considered and weighed in determining whether an identification is reliable.  
People v. Gonzalez
, 326 Ill. App. 3d 629, 639 (2001), citing 
Manson v. Brathwaite
, 432 U. S. 98, 114, 53 L. Ed. 2d 140, 154, 97 S. Ct. 2243, 2253 (1997).  The committee has chosen to include the word “or” between the factors to indicate to trial courts that “only the particular * * * factors that are supported by the evidence should be given.”  
Gonzalez
, 326 Ill. App. 3d at 639, quoting 
People v. Lewis
, 165 Ill. 2d 305, 354 (1995).  “The trial court’s incorporation of the term “or” between each factor implies, as a matter of law, that the identification testimony of an eyewitness may be deemed reliable if just one of the five factors listed weighs in favor of reliability.”  
Gonzalez
, 326 Ill. App. 3d at 639.  “The phrase preceding the five factors, stating that ‛all facts and circumstances in evidence’ are to be considered does not obviate the erroneous wording of the jury instruction.”  
Gonzalez
, 326 Ill. App. 3d at 639, quoting Illinois Pattern Jury Instructions, Criminal, No. 3.15 (3d ed. 1992).

I believe this defendant must be given a new trial because the jury went into the jury room with an instruction containing a latent ambiguity that was incorrectly emphasized by the State in closing arguments.  Regardless of the fact that there is significant evidence stacked against him, Tisley did not receive a fair trial as a result of this error.